JEREMIAH SIBERT

*v.*

WILLIAM M. THORP.

SHERIFF'S RETURN—*may be contradicted.* The sheriff's return of service on original process does not import absolute verity, but is only *prima facie* evidence of the truth of the matters therein recited, and, consequently, may be put in issue, before judgment, by plea in abatement.

| 77 | 43 |
| 153 | 204 |
| 77 | 43 |
| 77a | 118 |
| 77 | 43 |
| 178 | 504 |
| 77 | 43 |
| 102a | 477 |
| 77 | 43 |
| e113a | 502 |

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This was an action of assumpsit, by William W. Thorp, against Jeremiah Sibert and Jeriel Wilday, upon a promissory note.

The defendant Sibert, whom the sheriff's return showed was alone served with the summons, pleaded in abatement that at the time of the commencement of the suit he was a resident of Morgan county, Illinois, and was not, at the date of the commencement of the suit, found in the county of

Morgan, and that process issued to the sheriff of Morgan county was served upon the defendant in the county of Scott, and not in the county of Morgan; and that at the time of such service of process, the defendant was not found or served with process by the sheriff in Morgan county, but was served in the county of Scott.

The plaintiff replied, that process was issued and served upon the defendant in the county of Morgan, and State of Illinois, and that defendant was not found and served with process in the county of Scott.

The defendant rejoined: 1st, that it does not appear of record that he was served with process in the county of Morgan, as alleged; and 2d, that defendant was found and served with process in the said county of Scott, and not in the county of Morgan, as alleged, etc.

The court sustained a special demurrer to this rejoinder, and rendered judgment against the defendant for the amount shown to be due on the note, and the defendant appealed.

Messrs. Ketcham & Taylor, for the appellant.

Mr. J. T. Springer, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

The question presented by the record in this case is, can the defendant, by pleading, raise an issue of fact on the return of a sheriff, endorsed on a summons, in the discharge of his official duty?

The old common law authorities seem to answer the question in the negative. Comyn, in his Digest (title " Return," "G,") says: "No averment can be taken in pleading against the sheriff's return. 15 East, 378. If false, the remedy is by action. Lofft, 371." And to the same effect is Allen on Sheriffs, 371. But in this country, many courts have held that the sheriff's return, on original process, is only *prima*

*facie* evidence of the facts recited, and consequently that it may be shown to be incorrect. See *Watson* v. *Watson,* 6 Conn. 334; *Wendell* v. *Mergridge,* 19 N. H. 112; *Rowe* v. *Table Mountain Water Co.* 10 Cal. 441; *Carr* v. *Com. Bank of Racine,* 16 Wis. 50; *Bond* v. *Wilson,* 8 Kan. 228.

In *The Mineral Point R. · R. Co.* v. *Keep,* 22 Ill. 15, the question was discussed, although it was held to have been waived by the pleading, whether it was competent to show that the persons upon whom the writ was served were not in fact the agents of the company, as recited by the return, and it was said: "We are not inclined to think the return of the officer, as to the fact of agency, when a corporation is sued, should be conclusive. Great injustice and ruin to incorporated companies might be the consequence had the officer the undisputed power to select any person he might choose as the agent of a company sued, and serve the process upon him. That he was the agent must be held to be a fact open to the country. * * * We think, therefore, that the fact of the agency could have been put in issue by plea in abatement of the writ, the defendants answering for that purpose only." In *Owen* v. *Ranstead,* 22 Ill. 162, bill in chancery was filed to set aside a judgment at law, on the ground that the defendant was not served with process, or, if served, it was under such circumstances as deceived him as to the truth of what was done. The bill was sustained, and the remedy held to be appropriate. In *Brown* v. *Brown,* 59 Ill. 315, motion was made to set aside a decree for divorce, for the reason, supported by affidavits, that the person with whom a copy of the summons had been left was not, as stated in the sheriff's return, a member of the defendant's family. It was held that the decree should have been set aside. The court, after alluding to the general rule that the return of an officer can not be disputed, observe: "Where it is sought to contradict the return collaterally, and after rights have been acquired upon its faith, or innocent persons are to be injuri-

ously affected, courts should firmly apply the rule. Such has been the action of this court in cases of that character.

"While, however, this is the well established general principle, cases have occasionally occurred, and will continue to do so, which, in order to prevent the perpetration of a great wrong, must be treated as exceptional."

In *Hickey* v. *Stone et al.* 60 Ill. 459, it was held, on the authority of the previous decision just referred to, that a bill in chancery was proper to set aside a judgment at law, where there was no appearance, on the ground that the defendant had not been served with process, notwithstanding the sheriff's return showed there had been service.

The general principle recognized by these decisions is, necessarily, that the return of the sheriff is not an absolute verity, but merely that it is *prima facie* evidence of the truth of the matters therein recited, and, consequently, that it may be put in issue, before judgment, by plea in abatement. We are aware that, in thus holding, we are in conflict with *dicta* in many of the early decisions, still it is the logical result of the previous decisions to which we have referred, and we do not perceive, in practice, that it can be productive of harmful results.

Considered as a question of abstract right, there can be no good reason why a party shall be denied to show to the court which is about to render judgment against him, that he is not, in fact, within its jurisdiction, and compelled to suffer a present wrong, with the mere probability of being able to repair it by another action against the officer by whose act it was caused. By allowing the truth of the return to be questioned before judgment, the delinquency or dishonesty of the officer is more speedily shown, there is greater certainty that injustice is not done by rendering judgment against those who, in fact, have not had the notice to which they are entitled by law, a multiplicity of actions is avoided, and it is not possible that the rights of innocent parties can be injured thereby.

Our conclusion is, that the court below erred in not carrying the demurrer back, and sustaining it to the replication of the appellee. The judgment is reversed and the cause remanded.

*Judgment reversed.*