THE UNION NATIONAL BANK OF CHICAGO

*v.*

THE FIRST NATIONAL BANK OF CENTREVILLE, IOWA.

1. ABATEMENT—*denying service of process on corporation.* A corporation may put in issue the fact of the service of process upon it by plea in abatement, and thus contradict the officer's return, which is only *prima facie* evidence of the truth of the facts therein recited.

2. SAME—*former decision.* So far as there are expressions in *Protection Life Insurance Co.* v. *Palmer*, 81 Ill. 88, intimating a rule contrary to that above laid down, they are to be regarded as *obiter dicta* only, and not as designed to overrule previous decisions.

3. SAME—*when not pleaded in apt time—waiver.* A plea in abatement must be filed at the earliest opportunity, and before taking any other step in the case. It is too late after interposing an insufficient motion whereby to take advantage of the same matter.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

On the 7th of September, 1876, George Kappes and Francis Eggerman sued out of the Superior Court of Cook county a writ of attachment against The First National Bank of Centreville, Iowa, and caused to be inserted in the writ the name of The

Union National Bank of Chicago, to be summoned as a garnishee in the cause.

On the 3d of October, 1876, the sheriff of Cook county, in whose hands the writ had been placed, returned the same with the following indorsement:

"No property found in my county, and the within named defendants not found. Served this writ on the within named, The Union National Bank of Chicago, by delivering a copy thereof to G. W. Ives, cashier of said Bank, this 7th day of September, A. D. 1876; the president of the within. named bank not found in my county, this 2d day of October, A. D. 1876."

On the 18th of November, 1876, The Union National Bank of Chicago entered its appearance for the purpose of moving to quash the return to the writ, only a conditional judgment having been previously rendered against it, and thereupon moved that the return be quashed because it is untrue, which motion was supported by affidavits showing that the writ had not been served upon G. W. Ives, cashier of the bank, as the return recites.

This motion was overruled, but to that ruling there seems to have been no exception.

And afterwards, on the same day, a plea on behalf of the bank was filed by its attorneys, which, omitting the caption, is as follows:

"And the said Union National Bank of Chicago, by Lorin Grant Pratt, its attorney, comes and appears for the purpose of filing this plea to the writ of attachment issued in the above cause, and for no other purpose whatever, and defends, etc., and says, that the said writ of attachment purporting to be a garnishee process against said Union National Bank, was never served on the said Union National Bank of Chicago, and further says that the return on the back of said writ of attachment of said pretended service purporting to be made on said Union National Bank of Chicago, on the seventh day of September, A. D. 1876, is wholly untrue and false, and this

the said Union National Bank of Chicago is ready to verify, wherefore it prays judgment of the said writ, and the return thereon, and that the same may be quashed," etc.

The plea was properly verified by the affidavit of Lorin G. Pratt; and it appears, by a power of attorney, filed some time subsequently, that Pratt was authorized by the bank, as its attorney in fact, to appear and file the plea.

On the 5th of January, 1877, on motion of counsel for Kappes and Eggerman, the plea was stricken from the files and judgment was rendered against the Union National Bank of Chicago for $258, to which there was proper exception taken.

Messrs. McCoy & Pratt, for the appellant.

Messrs. Brandt & Hoffman, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This court, in *Mineral Point Railroad Co.* v. *Keep*, 22 Ill. 9, laid down the doctrine that where it is denied that process was served upon the agent of a corporation, as the return of the sheriff shows, the fact must be put in issue by a plea in abatement. And again in *Holloway et al.* v. *Freeman*, id. 197, it was held that where it is designed to put in issue the return of the sheriff, it must be by plea in abatement. More recently, in *Sibert* v. *Thorp*, 77 Ill. 43, on review of the previous decisions, it was held that the sheriff's return of service on an original process does not import absolute verity, but is only *prima facie* evidence of the truth of the matters therein recited, and, consequently, may be put in issue, before judgment, by plea in abatement.

In the *Protection Life Insurance Co.* v. *Palmer*, 81 Ill. 88, there are expressions which intimate a contrary rule. There was no design in that case to overrule the previous decisions, and those expressions are to be regarded as *obiter dicta* only.

The defense attempted to be interposed by appellant is one that may be properly interposed by plea, but it can only be

done by one filed at the earliest opportunity; and on the authority of *Holloway et al.* v. *Freeman, supra,* we must hold that appellant did not plead this defense in apt time, but here, as there, he waived it by interposing an insufficient motion.

The judgment is affirmed.

*Judgment affirmed.*