### RUBEL v. BEAVER FALLS CUTLERY CO.

*(Circuit Court, N. D. Illinois. November 24, 1884.)*

PRACTICE—ACTION AGAINST FOREIGN CORPORATION— SERVICE ON AGENT— MOTION TO QUASH—PLEA IN ABATEMENT—ILLINOIS STATUTE.

    The question of fact as to whether a party on whom service of summons in an action against a foreign corporation was made under Illinois statute was at the time of such service an agent of the corporation can only be raised by plea in abatement, unless the grounds of the motion to quash the return of service appear on the face of the record.

Motion to Quash Return of Service.

*Kerr & Barr* and *Ira W. Rubel,* for complainant.

*Wm. A. Montgomery,* for defendant.

BLODGETT, J. This is an action of *assumpsit.* The defendant is a non-resident corporation, and the return of the marshal on the summons is that he has served the same by reading and delivering a copy thereof to Arthur Brittan, agent of defendant, having been unable to find the president of the defendant company in this district. The defendant entered a special appearance, and moved to quash the return of service on the ground that Brittan, on whom the summons was served as agent of defendant, is not, and was not at the date of

the service, an agent of defendant on whom service of process against defendant could lawfully be made. The plaintiff now moves to strike this motion from the files, on the ground that the question of fact as to whether Brittan was such agent can only be raised by plea in abatement, unless the grounds of the motion to quash appear on the face of the record.

By section 914, Rev. St., it is declared that the practice, pleadings, and forms and modes of proceeding in civil cases in the United States courts, other than in equity and admiralty cases, shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding in like causes in the courts of record of the states within which such courts are held. This provision being substantially the fifth section of the act of June 1, 1872, entitled, "An act to further the administration of justice." The important question, then, is to determine what is the proper practice in the courts of record of this state in suits of a like nature with this.

By an act of the general assembly of this state, passed February 8, 1853, it was provided that service of process on an incorporated company in this state should be made by leaving a copy with the president, or if the president was not found in the county, then with any clerk, cashier, secretary, engineer, conductor, or other agent of such company found in the county, and this provision is substantially found in section 5, c. 110, Rev. St. Ill. 1874. In *Mineral Point R. Co.* v. *Keep*, 22 Ill. 9, the supreme court of this state construed this statute, and held that its provisions applied to foreign corporations doing business through their agents and officers in this state, but that the return of the sheriff was not conclusive upon the fact of the agency of the person on whom the process was served, and that the defendant could by plea in abatement put in issue the fact of the agency of the person on whom the process was served, the court, in its opinion, saying:

"Great injustice and ruin to incorporated companies might be the consequence had the officer the undisputed power to select any person he might choose as the agent of a company sued, and serve the process upon him; that he was the agent must be held to be a fact open to the country. * * * Our statute authorizing service of process on an agent or conductor is an innovation upon the ancient practice, and no greater force and effect should be given to it than is absolutely necessary. When a party sues an incorporated company, whose president and whose place of doing business is out of the county where suit is brought, and causes his process to be served on one whom he chooses to consider the agent of the company, it is no hardship to require him to prove such person was the agent. We think, therefore, that the fact of agency could have been put in issue by plea in abatement of the writ, the defendants appearing for that purpose only. By such practice no injustice can be done. If the issue is found against the company, and the fact of agency established, leave will always be given to plead to the merits."

In *Sibert* v. *Thorp*, 77 Ill. 43, the supreme court went still further, and held that any defendant might put the truth of the return of the sheriff upon the process in issue by plea in abatement; that instead

of the officer's return upon the process being conclusive upon the defendant it is only *prima facie* evidence of the matters therein stated, although the court admitted that this decision was in conflict with the *dicta* in many of its earlier decisions. And in *National Bank* v. *National Bank*, 90 Ill. 56, the rule in *Mineral Point R. Co* v. *Keep* and *Sibert* v. *Thorp* was affirmed. It is true there are some expressions in *Protection Life Ins. Co.* v. *Palmer*, 81 Ill. 88, which seem repugnant to the rule laid down in *Mineral Point R. Co.* v. *Keep, supra,* and *Sibert* v. *Thorp, supra;* but in the later case, in 90 Ill., the court expressly says there was no intention in *Protection Life Ins. Co.* v. *Palmer* to overrule the previous decision in *Mineral Point R. Co.* v. *Keep,* and reiterates the rule that the only way to traverse the return of service made by the officer serving the process is by a plea in abatement. It is true that in *Mineral Point R. Co.* v. *Keep* the court said: "If the issue is found against the company, and the fact of agency established, leave will always be given to plead to the merits;" while in *Brown* v. *Illinois Cent. Mut. Ins. Co.* 42 Ill. 366, it was held that if the issue of fact on such a plea was found against the defendant, the judgment must go against him. And in 1 Chit. Pl. 464, it is said: "If the issue of fact be joined upon the replication, and found for the plaintiffs, the jury should assess the damages, and the judgment is peremptory, for the delay *quod recuperet* and not *respondent ouster*." And the same rule was applied in *McKinstry* v. *Pennoyer,* 1 Scam. 319, and *Motherell* v. *Beaver*, 2 Gilm. 70.

It may therefore be considered that under the Illinois cases, both before and since *Mineral Point R. Co.* v. *Keep,* the expression used in the latter case that "leave will always be given to plead to the merits," if the defendant fails to sustain his plea in abatement, has been overruled, and that the common-law rule of judgment, *quod recuperet,* must be followed. A brief examination of *Mineral Point R. Co.* v. *Keep* shows that the question as to what judgment the court should render when the issue on such a plea is found against the defendant was not before the court, and the expressions on that point in the opinion may be considered as *obiter* even if the court had not since, in effect, so ruled. But it is urged that the practice of the United States courts is different from that indicated by the Illinois authorities. It may be sufficient to say that the question in this case is to determine what is the proper practice in the Illinois courts, and then follow their rule, but I do not think the cases cited by defendant sustain the practice. In *Halsey* v. *Hurd*, 6 McLean, 14, the defect in the service appeared upon the face of the return, and was properly brought to the attention of the court by motion to quash the service. In *Juneau Bank* v. *McSpedan*, 5 Biss. 64, a non-resident party to a suit, while in necessary attendance upon the court where his suit was pending, was served with process in another suit, and the court, on motion, held that he was privileged from suit under the circumstances, and set aside the service as it might properly do, as all the facts ap-

peared of record and the party was under the protection of the court where his suit was pending.

*Harkness* v. *Hyde,* 98 U. S. 476, was a case from Idaho territory, where objection was made to the service of process on the ground that it was served outside of the limits of the territory; but the question as to how the sufficiency of the service was to be questioned, whether by motion or by plea, was not made, but the only point considered was whether the marshal could serve the process outside the territorial limits, so that this case gives no aid upon the question at bar. And the same may be said of *Nazro* v. *Cragin,* 3 Dill. 474. While the general rule in this state undoubtedly is that a motion to dismiss for want of jurisdiction or quash the service of process will not be entertained unless the objection appears upon the face of the record.

In *Holloway* v. *Freeman,* 22 Ill. 197, it is said that a motion to dismiss for want of jurisdiction will not be entertained unless the objection taken appears upon the face of the papers; but that when the grounds of the objection do not so appear, but have to be shown by extrinsic proof, the question must be raised by plea in abatement. The same rule was applied in *McNab* v. *Bennett,* 66 Ill. 157, and in *Holton* v. *Daly,* 106 Ill. 131. It is true the rule that judgment must be rendered against a defendant who fails to sustain his issue of fact on a plea of abatement is a harsh one, but in most cases such a defense can be only a mere dilatory plea and should not be encouraged by the courts; and in cases like this, certainly, a defendant ought to know whether the person on whom process is served ·is or is not his agent, and should be held to make the issue on that point at his peril.

The motion to strike from the files the motion to quash is sustained.