Lanza Bros. & Co. v. McNulta.

LANZA BROS. & COMPANY

v.

JOHN MCNULTA, RECEIVER, ETC.

*Agency—Service of Writ—Alleged Agent of a Receiver—Plea in Abatement to put Agency in Issue—Prayer of Plea—Railroads.*

Where an action is brought against a person as receiver of a corporation and the writ is returned as served upon a person, " clerk and agent " of the receiver, a plea in abatement may properly be filed to put in issue

the agency of the party upon whom the writ was served and the prayer of such plea is properly that the writ be quashed.

[Opinion filed April 11, 1892.]

IN ERROR to the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. GEORGE W. FOGG, for plaintiffs in error.

Mr. GEORGE B. BURNETT, for defendant in error.

MR. JUSTICE WALL. The only question presented here is as to the action of the Circuit Court in overruling the demurrer to the plea in abatement. The suit was brought by plaintiffs in error against the defendant in error, as receiver of the Wabash Railway Company. The writ was returned served by delivering a copy to one Barnes, clerk and agent of the receiver. The plea in abatement was filed for the purpose of putting in issue the agency of said Barnes. It has been held that where process is returned served upon one as the agent of a corporation, the agency may be denied by plea in abatement. Mineral Point R. R. Co. v. Keep, 22 Ill. 9; National Bank v. National Bank, 90 Ill. 56. It was said in the case first cited that the statute authorizing service upon any agent was an innovation, and that there was a necessity in the very nature of the case, that a corporation should have the means of denying that the person so served was, in fact, an agent. The court then held, "that the fact of agency could have been put in issue by plea in abatement of the writ," thus pointing out the proper mode of relief, where, under the new practice as to service upon corporations, a mistake had been made in serving one who was really not an agent. In the case in 90 Ill. this decision is quoted and the practice approved. It may, therefore, be regarded as well settled, so far as corporations are concerned. The General Assembly, by an act approved June 3, 1887, provided that the receiver of an incorporated company may be served by leaving a copy of the process with any clerk,

Lanza Bros. & Co. v. McNulta.

etc., in the employ of such receiver, whenever the latter can not be found in the county, thus providing substantially the same mode of service as in the case of a corporation. It would follow that the same mode of reaching an error in making service should be adopted, since all the reasons therefor would be as applicable in the one instance as the other. We hold, therefore, that the defendant could properly raise the question of fact as to the agency of Barnes by a plea in abatement. It is urged, however, that the plea was technically defective, and that the court erred in not sustaining the demurrer.

The demurrer assigned as special cause that the plea prayed judgment of the writ and that the same be quashed. It is argued the prayer should have been to quash the return. When the Supreme Court suggested the adoption of the plea in abatement for the purpose involved, it was said the plea should be in abatement of the writ. This was pointed out as a mode of correcting an error in service. The plea would, according to the forms, pray judgment of the writ, and while the fault complained of was in the return rather than in the writ, yet the end of the whole matter was that by that writ the plaintiff should take nothing. The writ could not be taken from the files and again served—a new one would be necessary—and in substance the prayer was not inapt. The result was to declare the writ unavailing, because it had not been properly served, the return indorsed upon and made a part of it being found untrue. We think this objection to the plea not well taken.

In the brief filed in this court counsel for plaintiffs in error raise some further objections to the plea which were apparently not suggested in the trial court. For this reason they should not be considered here as a matter of right.

We have, however, upon examination, found them not substantial.

The judgment will be affirmed.

*Judgment affirmed.*