## Montana Columbian Club v. Ketcham, Rotschild & Co.

1. SHERIFF'S RETURN—*How Questioned.*—The truth of the sheriff's return can not be questioned by motion. It must be done by plea in abatement.

**Memorandum.**—Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 18, 1894.

### STATEMENT OF THE CASE.

On the 20th day of September, 1893, a judgment by default was rendered against appellant, a corporation organized under the laws of this State, for the sum of $516.75. On the 28th day of September, at the same term, appellant specially appeared and moved the court to quash the sum-

mons and to vacate the judgment entered by default. The sheriff asked leave to amend his return on the summons. His motion was in the following words:

"And now comes James H. Gilbert, sheriff of said Cook county, and moves the court for leave to amend the return made by said sheriff on the summons in the above entitled cause, by making such return read as follows, according to the facts: 'Served this writ on the within named defendant, Montana Columbian Club, by delivering a copy thereof to R. B. Duncan, manager and general agent of said defendant, Montana Columbian Club, on the 8th day of September, A. D. 1893, the president or any clerk or secretary or superintendent of said defendant, Montana Columbian Club, not found in my county.'"

In support of his motion he filed the following affidavit:

"On the 8th day of September, A. D. 1893, I duly served the writ of summons upon said defendant, the Montana Columbian Club, by delivering a copy thereof to R. B. Duncan, who is the manager, and who had sole charge and control of said club, the president of said club not being found in my county. In making the return of the service I inadvertently wrote the name 'California' instead of 'Montana.'"

In support of its motion to quash the summons and to set aside the default and judgment, appellant read the affidavit of Fred L. Brooks, who states that he is the secretary of the Montana Columbian Club; that T. S. Corrigan is the treasurer and that they both reside in the city of Chicago and county of Cook, and were in the said city and county at the time of the service of the summons in this case, and that Robert B. Duncan "is not now and never has been an officer or agent of said company, but merely an employe at said club house."

Appellant also filed and read the affidavit of Robert B. Duncan in support of its motion. Duncan swears in his affidavit that he was employed by the Montana Columbian Club, and that his duties confine him in and about the rooms of said club building; that he told the deputy sheriff, when he called at the club house to serve the summons, that "he

was only an employe of said company and could not accept service, and then and there informed said sheriff where the officers of said club could be found."

Upon the reading of the affidavits the court granted leave to the sheriff to amend his return, and overruled the motion of appellant to quash the summons and to set aside and vacate the default and judgment. The sheriff then amended his return on the summons to read as follows:

"Served this writ on the within-named defendant, Montana Columbian Club, by delivering a copy thereof to R. B. Duncan, the agent of said club, on the 8th day of September, 1893. The president of said club not found in my county."

G. W. & J. T. KRETZINGER, attorneys for appellant.

NEWMAN & NORTHRUP, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The deputy sheriff served the summons against the appellant by delivering a copy " to R. B. Duncan, the agent of said club."

The appellant filed affidavits that Duncan was not " agent," and stating who the officers of the club were, and where they might have been found, and moved to vacate a judgment by default which had been entered, and quash the summons. Inadvertently the name California had been used for Montana in the original return and the court permitted a correction by amendment of the return.

The truth of the sheriff's return can not be questioned by motion. It must be done by plea in abatement. Union Nat. Bk. v. First Nat. Bk., 90 Ill. 56.

No application for leave to plead was made, and the judgment is affirmed.