CAIRO AND VINCENNES RAILROAD COMPANY

*v.*

GEORGE JOINER, Guardian, etc.

1. SERVICE *of process on railroad company.* Service of process on a railroad company, under the Practice Act in force July 1, 1872, can only be by leaving a copy with the proper person, and can not be by reading the same.

2. SAME—*must be on president of railroad company, if he can be found.* Where the return of the officer states that he read the process to a station agent (naming him) of the defendant, the president and secretary not being residents of the county, it is defective, both because it shows attempted service by reading instead of by copy, and because it does not show that the president could not be found in the county; the fact that he was not a resident of the county, does not exclude the idea that he might have been found therein at the time of service.

APPEAL from the Circuit Court of Saline county; the Hon. M. C. CRAWFORD, Judge, presiding.

Mr. GREEN B. RAUM, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only error assigned upon this record is, that the court below erred in rendering judgment by default against appellant, without proper service of process.

The return upon the writ is as follows:

" I have duly served the within summons by reading the same to G. B. Raum, attorney for the Cairo and Vincennes Railroad Co., and S. B. Church, station agent of said company,

the president and secretary of said company not being residents of this county.

James A. Rice, *Sheriff*.

This 24th day of October, 1873."

This was clearly defective, and insufficient to give the court jurisdiction.

The 4th section of the "Act in regard to practice in courts of record," in force July 1, 1872, (Laws of 1872, p. 339,) requires that service of process in such cases shall be made "by leaving a copy thereof with the president, if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, director, engineer, conductor, station agent," etc., of the company.

Here, not only was no copy left with the person upon whom service was attempted to be made, but it does not appear, from the return, that the president could not be found in the county. The fact that he did not reside in the county, does not exclude the idea that he might have been there when service of the process was attempted to be made, in which case service could only have been lawfully had by leaving a copy of the process with him.

The judgment is reversed and the cause remanded.

*Judgment reversed.*