NORTHWESTERN LIFE ASSOCIATION

v.

RACHEL STOUT.

*Life Insurance—Plea to Jurisdiction—Demurrer—Matters of Fact, How Presented—Insurance Companies, What Are—Construction of Statutes.*

1. Upon hearing on a demurrer to a plea to the jurisdiction, the plaintiff is bound by the material averments of the declaration, but not so the

defendant, further than they are admitted by the plea.  If any matter of fact contained in the plea is to be denied, or if there is any matter of fact that in law would avoid the *prima facie* effect of the plea, it should be presented by replication, whatever may appear in the declaration.

2.   In an action brought upon a certificate issued by a mutual benefit association, defendant filed a plea to the jurisdiction, alleging " that it is, and at all times since its organization has been, an association intended to benefit widows, orphans, heirs and devisees of deceased members thereof, and no annual dues are required and the members receive no money for profit or otherwise, that the location and principal place of business of the said association is, and ever since the organization thereof has been in the city of Bloomington, in the said county of McLean, and not at any time in the said Greene county," and that the defendant had not been served with process in Greene county, but had been served in McLean county:  *Held*, that the plea should have been held good on demurrer.

3.   In the case presented, this court holds that the plea was sufficient to bring the defendant within the meaning of Sec. 31 of the Act concerning corporations, and to show that it was therefore not to be deemed an insurance company within the meaning of Sec. 3 of the Practice Act, providing that the Circuit Court of the county where the plaintiff resided should have jurisdiction of all actions to be commenced against any fire or life insurance company.

[Opinion filed November 23, 1889.]

IN ERROR to the Circuit Court of Greene County; the Hon. C. EPLER, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for plaintiff in error.

Section 31 of the act concerning corporations is a complete answer to the claim that plaintiff in error is an insurance company.   See Commercial League v. People, 90 Ill. 171; Catholic Congregation v. Germain, 104 Ill. 445; C., M. & St. P. R. R. Co. v. Dumser, 109 Ill. 410.

In the case of Ottawa Gas & Coke Co. v. Downey, 20 N. E. R. 122, Wilkins, J., says:  "Courts can not, as a general rule, disregard the plain language of a statute.   It is their duty to accept it as they find it, and to enforce it as plainly written."  Cooley, Constitutional Limitations, 55; Foley v. The People, Breese, 57; Railroad Co. v. Dumser, 109 Ill. 402; Newell v. The People, 7 N. Y. 9.

The same rule is laid down in Potter's Dwarris on Statutes, etc., 189.

"It is the right of a party to be sued in the county where he resides, and to have his cause tried there, and he ought not to be denied that right—a right to him in many instances of the utmost importance—by any technical and metaphysical learning in regard to pleas in abatement." Scott, J., in Humphrey v. Phillips, 57 Ill. 135. See, also, Drake v. Drake, 83 Ill. 528.

The plea is in proper form. Nixon v. S. W. Ins. Co., 47 Ill. 444; Nispel v. W. U. R. R. Co., 64 Ill. 311.

Mr. JAMES R. WARD, for defendant in error.

With courts of general jurisdiction the presumption is that they are in the proper exercise of jurisdiction until the contrary is shown. A plea to the jurisdiction of the court must aver facts showing the absence of jurisdiction, and must be certain in every particular. Diblee v. Davison, 25 Ill. 488; Kenney v. Greer, 13 Ill. 447.

From the earliest period in the history of the common law, pleas in abatement have not been favored by the courts, and hence great precision has been required, both in the substance and structure of such pleas. Nixon v. Ins. Co., 47 Ill. 446; Parsons v. Case, 45 Ill. 296; Feasler v. Schriever, 68 Ill. 323.

The plea to the jurisdiction is defective. It does not contain the averment that plaintiff in error is not an insurance company, as described in the declaration. It does not contain facts showing how the association is "intended to benefit the widows, orphans," etc., and that the association does not, by transacting an insurance business, but by constructing and operating railroads or bridges accomplish that purpose, to distinguish it from such corporations, so that in no event could the Circuit Court acquire jurisdiction under Secs. 2 or 3 of the Practice Act. F. & M. Ins. Co. v. Buckles, 49 Ill. 483. The reasoning in this case is applicable to the one at bar. It must negative all the facts upon which jurisdiction might depend. Lord v. Babel, 16 Ill. App. 434.

The plea is inaccurate and lacks precision in substance in another respect. It does not contain all the averments necessary to bring the plaintiff in error within Sec. 31 of the

act cited by counsel. Associations, etc., that shall not be deemed insurance companies, under that act, are associations and societies which are intended to benefit the widows, orphans, heirs and devisees of deceased members thereof *and members who have received a permanent disability*, and where no annual dues or *premiums* are required, and whose members shall receive no money as profit or otherwise, *except for permanent disability*. The words italicized are found in said Sec. 31, but are not found in the plea to the jurisdiction. The plea is fatally defective in not containing the averment that no premiums are required. Com'l League v. People, 90 Ill. 171; Golden Rule v. People, 118 Ill. 497.

It may all be true, as alleged in the plea, that no annual dues are required, yet, if premiums are required, the association is not within the protection of that section. An averment in pleading will be taken most strongly against the pleader, especially in pleas of abatement. Henkel v. Heyman, 91 Ill. 97; Bourland v. Sickles, 26 Ill. 499; Feasler v. Schriever, 68 Ill. 323.

To avail of a statute, the pleader must bring himself clearly within its terms and spirit. Williams v. Hogan, 46 Ill. 508.

Where the clause of the statute relied upon contains exceptions or terms in the nature of exceptions, the pleader must show affirmatively that the case does not fall within any of them. T. P. & W. R. R. Co. v. Pence, 68 Ill. 525.

PLEASANTS, P. J. This was an action of assumpsit brought by defendant in error in the Circuit Court of Greene County, upon a certificate issued by plaintiff in error stating, in substance, that John H. Stout was entitled to all the rights and privileges of membership in the association, and to participate in its beneficiary or relief fund to the amount of $2,000, which sum, or such part thereof as may be collected as specified in the constitution and by-laws of the association, should within sixty days after his death and upon the condition therein mentioned, be paid to his wife, the defendant in error, which was dated and purported to be executed at Bloomington, Illinois. The declaration averred that the defendant was

a body corporate, existing and "doing a life insurance business" under the laws of this State; sets forth the certificate *in hæc verba* with what purported to be the constitution and by-laws, counted on it as a "policy of insurance," and alleged the other facts required to fix the liability claimed. The summons was directed to, and served and returned by the sheriff of McLean county.

Thereupon the defendant, by its attorney in fact, filed a plea to the jurisdiction of the Circuit Court of Greene County, averring that the defendant "is a corporation aggregate, organized under an act of the General Assembly of the State of Illinois, entitled "an act concerning corporations;" that it is, and at all times since its organization has been, an association intended to benefit the widows, orphans, heirs and devisees of deceased members thereof, and no annual dues are required, and the members receive no money for profit or otherwise. * * * That the location and principal place of business of the said association is, and ever since the organization thereof has been in the city of Bloomington, in the said county of McLean, and not at any time in the said Greene county; and that the defendant, nor its president, nor any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any agent of said association was found or served with process in the said action in the said county of Greene, but was found and served with process in said action in the said county of McLean." To this plea the plaintiff demurred "specially," assigning the following causes: "1st. The plea is not sufficient in law. 2d. The plea is in conflict with matters set forth in the policy, constitution and by-laws set forth in the declaration. 3d. The plea presents an objection which, by the provisions of the by-laws set forth in the declaration and the law, the defendant is stopped from making in this court." This demurrer was sustained, and the defendant abiding by its plea, a judgment by *nil dicit* was entered for the plaintiff for $2,000 damages assessed and the costs.

We presume the causes secondly and thirdly assigned for the demurrer are abandoned, as they are not urged in the

argument here. And obviously the matters therein respect-
ively set forth are not available on this demurrer. The plaint-
iff may be bound by the material averments in the declaration,
and therefore she could not claim, as against the plea, that for
aught it shows this might be a local action, since the decla-
ration conclusively shows it is not. Humphrey v. Phillips, 57
Ill. 137. But the defendant is not so bound, further than it
admits by the plea; and the plea here admits none of them,
either expressly, or by implication from the denial of some.
It presents only matters of fact which do not appear in the
declaration, as the basis of its contention thereon, that what-
ever the declaration may contain, and whether true or false,
the Circuit Court of the county in which the action is brought
should not take cognizance of it. If any allegation of fact
material to the support of this contention is to be denied,
or if there is any matter of fact that in law would avoid the
*prima facie* effect of the plea or estop the defendant from
making such allegation, whether it appears or does not appear
in the declaration, it should be presented by replication. The
record shows that the court below ignored these causes, and
sustained the demurrer upon the finding that the plea was
"not sufficient in law." That was a finding as upon a general
demurrer. Its soundness is the only question here argued or
really in the case. The substantial defect alleged against
the plea is that it fails to bring the defendant within the
terms or meaning of the statute relied on, or to show that
it is not a life insurance company within the meaning of Sec.
3 of the practice act. By the second section of that act it is
declared to be unlawful to sue any sole defendant in a transi-
tory action out of the county where such defendant resides or
may be found. A later act, approved April 3, 1873, and now
arranged as Sec. 3 of the practice act, provides that "the
Circuit Court of the county wherein the plaintiff or complain-
ant may reside shall have jurisdiction of all actions hereafter
to be commenced by any individual against any fire or life
insurance company." Under that provision this action was
brought.

In 1869 the legislature provided by separate acts for the

incorporation and regulation of fire and life insurance companies, respectively, which acts, with the amendments made from time to time, have ever since been in force and constituted the 73d chapter of the Revised Statutes.  They define the powers, duties and liabilities of such companies, and regulate the business in this State of those exercising like powers under the laws of other States and countries.

By an act approved April 18, 1872, entitled " An act concerning corporations," the legislature authorized the formation of corporations for any lawful purpose, except banking, insurance and some others specified, for which provisions were made by other acts.  It classified them as corporations for pecuniary profit, corporations not for pecuniary profit, and religious corporations, and prescribed the proceedings for their incorporation and defined their powers, rights and duties, respectively; and by an amendment of May 22, 1883, (L. 1883, p. 74) the 31st section, relating to corporations not for pecuniary profit, was made to declare that "associations and societies which are intended to benefit the widows, orphans, heirs and devisees of deceased members thereof, and members who have received a permanent disability, and where no annual dues or premiums are required, and where the members shall receive no money as profit or otherwise, except for permanent disability, shall not be deemed insurance companies."

Whether the associations and societies here described are or are not, in fact, in any sense insurance companies, is immaterial.  The legislature could not change the fact by declaring them to be or not to be such.  Nor has it assumed to do so, but simply declared they shall not be "deemed" such. That declaration is not limited or qualified in any way, and can mean nothing else than that they are not to be held subject to any law that is specially and peculiarly or exceptionally applicable to insurance companies. . From the language employed this is plain, beyond dispute, or any qualification by construction.  No judicial decision is required to establish it, but it is so assumed and held by the Supreme Court throughout the cases of the Commercial League v. The People, 90 Ill. 166, and the Golden Rule v. The People, 118 Ill. 497.

Appellee "deemed" appellant an insurance company. By this action she sought to have it subjected to a law specially and exceptionally applicable to such companies, by suing it alone in a transitory action in the county of her own residence, which was not the county where it resided or was found; and the question is whether the averments of the overruled plea fairly brought appellant within the description of associations and societies which the statute declares shall not be so deemed.

Appellee insists it fails in that it does not aver that no "premiums" are required; in that it does not include in the averment of those intended to be benefited "members who have received a permanent disability;" and in that it does not add the exception "for permanent disability" to its averment that the members receive no money for profit or otherwise.

Counsel hold the phrase "no annual dues or premiums," to mean no annual dues or any premiums; and hence, that though no annual dues be required, yet, if any premiums are, the association is not within the protection of the statutes. We think not. For a valid contract in the nature of insurance, to benefit the widow of a deceased member or anybody else, there must be, as for all other contracts, a consideration. This statute, in allowing such a contract, must therefore have intended to allow a consideration for it, and the definition of "premium," as used in the law and business of insurance, is "the consideration for a contract of insurance." See Bou_vier's Dictionary; also Webster's. Whether called an initiation fee, an admission fee, or by any other name, this consideration is none the less strictly a "premium." Bouvier further says—which is also matter of general knowledge—that "in life insurance the premium is usually payable periodically," citing 18 Barb. 541; and we have no doubt it was in view of this known usage of insurance companies, organized for profit, that the legislature employed the term "annual" to qualify both "premiums" and "dues." Annual dues on any account which, being annual, could not be limited to the expenses of the association, would be likely to produce a surplus, to be divided or invested, and thus make a profit for the members, which the

Northwestern Life Ass'n v. Stout.

statute was designed to prevent. We are further of opinion that annual premiums "required" would be annual dues; that if these terms are not here used synonymously the one is to be regarded as generic and the other as specific; and in either case the averment that no annual "dues" are required would be sufficient. So we understand the case of the Commercial League v. The People, *supra*. There it appeared that an initiation fee of $50 and an advance assessment of $10 were required as the cash or executed part of the premium, but this requirement did not exclude the company from the protection of the statute; and in reference to dues thereafter to accrue for benefits and expenses—being the executory part— the saving point made was that they were not annual. The court say: "There is nothing in this by-law which requires the payment of annual dues or premiums. No sum whatever is required to be paid by the members annually." Thus apparently treating premiums as dues, and the term annual as qualifying both.

Authority to provide for widows, orphans and other classes mentioned, is authority to provide for all, or any, or either of such classes. The statute does not make provision for all of them the condition of the immunity here claimed, but gives authority to provide for all, or for any less than all, with the immunity upon other conditions expressed, which are, that no annual dues shall be required, and that members shall receive no money for profit or otherwise, except for permanent disability. The plea avers, in effect, that the defendant has not only fully complied with these conditions, but has done so without availing itself of the exception made in its favor, and designates the classes it is intended to benefit, which appear to be no other than those, though not all of those designated by the statute; in other words, that it has done all it was required to do, and more, in performance of the conditions, and exercised no other privileges than those granted, though not all of those granted, upon those conditions. We think those averments, if true, entitle it to whatever immunity is afforded by the amendatory act of 1874.

It is insisted, however, that it does not afford the immunity

here claimed; that it does not change or modify the provision of the act of 1873 (Sec. 3 of the Practice Act); that these two acts are not *in pari materia*, and therefore not to be construed or considered together; that so to construe or consider them would necessarily make the act of 1874 void under that part of Sec. 13, Art. IV of the Constitution, which provides that "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title," and that "no law shall be revived or amended by reference to its title only, but the law revived or the section amended shall be inserted at length in the new act;" and that, unless so construed or considered, the jurisdiction conferred by the act of 1873 remains unimpaired.

If these premises were granted the conclusion sought to be drawn, that the jurisdiction assumed by the court below in this case was rightful, would not necessarily follow. That would still depend on the question whether this defendant was rightly deemed an insurance company—a question on which these legal propositions throw no light.

The act of 1874 does not amend nor purport to amend the practice act. It amends the act of 1872 "concerning corporations." Sec. 3 of the Practice Act remains in full force and the Circuit Courts still exercise all the jurisdiction it confers. Nor is its meaning at all uncertain. The uncertainty, if any, is in the character of this company, whether it is or is not such as brings it within the designation of the act. Nobody holds the meaning of the statute against larceny uncertain, and yet in a given case it may be very doubtful whether the subject of the alleged larceny is personal property. In such case we must go for a definition of the subject or object designated, wherever we can find it, whether to another statute or to a popular dictionary. We are not confined to amendatory acts and statutes *in pari materia*. In this case the plaintiff was obliged to go outside of the practice act to ascertain whether defendant was an insurance company; and by reference to text books, statutes, and whatever else was thought to show the general understanding of what constituted such a company, and by com-

parison of the features and operations of the defendant with those of companies which were understood to be such, reached the conclusion that it was, and therefore subject to the plain and certain provision of Sec. 3. Defendant, with the same object in view, finds another statute, describing specifically and precisely the features and functions which it claims for itself, and expressly declaring that companies having those features and functions shall not be deemed insurance companies. Whether this statute is or is not amendatory of or *in pari materia* with the third section of the Practice Act, is not a material question here. It is an authoritative dictionary for this case and settles the question presented by the demurrer.

For these reasons the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*