# UNION MUTUAL ACCIDENT ASSOCIATION

## v.

# ELIZABETH RIEL.

*Accident Insurance—Mutual Benefit Association—Jurisdiction—Abatement—Practice Act, Sec. 3—Process—Service of—Practice.*

1. A party does not waive the right to assign for error in the Appellate Court the sustaining of a demurrer to a plea in abatement to the jurisdiction of the trial court, by subsequently asking leave of the court to plead to the merits.

2. In an action to recover upon an accident insurance policy issued by a mutual accident association, this court holds that the same is not an insurance company within Secs. 2 and 3 of the Practice Act.

3. The Legislature has the power to define what shall be deemed to be insurance companies, and to regulate the practice concerning the service of summons on a certain class of incorporations.

[Opinion filed December 8, 1890.]

IN ERROR to the Circuit Court of Marshall County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. JOHN M. HAMILTON, CHARLES C. GILBERT and EDWARDS & EVANS, for plaintiff in error.

The plea to the jurisdiction of the court is good and should have been sustained. Instead of that, the Circuit Court wrongfully sustained a demurrer to the plea to the jurisdiction, and the defendant was wrongfully obliged to file pleas to the merits and go to trial. On that account this case must be reversed and dismissed.

The Circuit Court of Marshall County acquired no jurisdiction in this case, and therefore had no jurisdiction to try the case, or to enter a judgment against the defendant.

The defendant is not a fire or life insurance company, but is only a Mutual Accident Association, organized under the act of the General Assembly, in force July 1, 1883, providing for the organization of such associations. Starr & Curtis' Ill. Stats. 1348.

The fact that the defendant is organized under that act is set out in the plea to the jurisdiction, and is shown by the certificate of incorporation in the bill of exceptions.   It is in no sense a life insurance company.

There is no question but that the only service of process was had in Cook County upon the president of the association, and that both the president and the association are legal residents of Cook County.

It will be insisted by the counsel for appellee that after a plea to the merits, trial and verdict for plaintiff, the fact of want of jurisdiction, as set up in the plea to the jurisdiction and shown by the facts in the record, can not be urged as error in the Appellate Court.

But that it can be urged as error, and is preserved in the record, and will be passed on by the Appellate Court, is conclusively shown by the following authorities.   The plea to the jurisdiction is not waived by subsequent plea, trial and verdict.

The case of Drake v. Drake, 83 Ill. 526, is a case exactly in point.   There a plea in the nature of a plea to the jurisdiction was filed, raising exactly the same question of service of process from a foreign county upon a defendant residing in Cook county.   A demurrer was interposed to the plea and sustained by the court.   Subsequently the general issue was pleaded and a trial had, resulting in a verdict for the plaintiff, and on appeal to the Supreme Court the case was reversed, solely on the ground of error of the lower court on the plea to the jurisdiction.

It was the only point decided, and the court there repeat the language of the court in Humphrey v. Phillips et al., 57 Ill. 132, as follows:   "But the right of a party to be sued in the county where he resides, and have his cause tried there, is statutory, and he ought not to be denied that right—a right to him, in many instances, of the utmost importance—by any technical and metaphysical learning in regard to pleas in abatement."

In Humphrey v. Phillips, 57 Ill. 135, the court also say: "The plea in this instance is meritorious in its character, in

addition to having its foundation in a statutory right.  A plaintiff has no moral or legal right to compel a defendant, through mere ;apriciousness, or merely for the sake of his own convenience, to go to a distant part of the State to make his defense to any supposed cause of action."

That the Appellate or Supreme Court will pass upon the sufficiency of a plea in abatement in the nature of a plea to the jurisdiction, after plea to the merits, trial and judgment, and that the plea in abatement is not waived by filing other pleas and going to trial, is squarely decided by the Supreme Court in Delahay v. Clement, 3 Scam. 201, overruling a former case.

In Weld v. Hubbard, 11 Ill. 574, the Supreme Court say: "A defendant, by pleading in bar of an action after a demurrer has been sustained to aplea in abatement, does not thereby waive his rights under the plea in abatement, but may assign for error the decision of the court sustaining the demurrer."

The court did not obtain jurisdiction by this service.  C. & V. R. R. Co. v. Joiner, 72 Ill. 520.

The plea of limitation of the action, and the evidence showing that this suit was not commenced within one year from the time the cause of action accrued, are good, and the Circuit Court erred in not holding with the defendant on the plea of limitation, and dismissing this suit.

The certificate of insurance in evidence in this case provides, among other things, as follows:  "And no suit or proceeding at law or equity shall be brought or arbitrated to recover any sum hereby provided for unless the same is commenced within one year from the time the right of action accrues."

It was one year from the time when circumstances were such that the plaintiff's right of action "accrued," or, in other words, one year from the time when she might have commenced her action.  She might have commenced her action on the 3d day of June, 1887.  She did not commence it until July 27, 1888, therefore the bar was certainly and absolutely complete, as shown by the following authorities:

Union Mutual Accident Ass'n v. Riel.

In Humphrey v. Cole, 14 Ill. App. Ct. 62, the Appellate Court say : " In Hyman v. McVeigh, decided by the Supreme Court in 1878, in the Chicago Legal News, Vol. 10, 157, and mentioned among the unreported cases at the end of 87th Ill., the phrase in our statute ' when a cause of action has arisen in a State or Territory out of this State,' was construed. And the court say the words, ' when a cause of action has arisen,' as they occur in the statute pleaded, should be construed as meaning when jurisdiction exists in the courts of a State to adjudicate between the parties upon the particular cause of action, if properly invoked, or, in other words, when the plaintiff has the right to sue the defendant in the courts of the State upon the particular cause of action, without regard to the place where the cause of action had its origin." We confidently submit that the phrase " from the time the cause of action accrues," is exactly synonymous with the phrase " when the cause of action has arisen," and must receive exactly the same construction.

In Williamsburg City Ins. Co. v. Cary, 88 Ill. 457, the Supreme Court say : " The president, on examination, decided the assured had no legal claim upon the company for the loss. * * * The time given in which to make payment of the loss was of no value to the company, for it did not intend to pay at all, and the assured was at liberty to bring her action at once." The sixty days clause " was rendered nugatory," say the court. Did not the plaintiff's right of action " accrue " in this case when she was at liberty to bring suit at once on the peremptory refusal of the defendant to pay ? Clearly so.

Where the policy requires that suit must be brought within twelve months from date of loss, the action must be brought within that time, although the company had sixty days in which to pay the loss, and the policy provided no suit should be sustained until after an award. This case also in effect holds that if the policy had provided that action must be brought within twelve months after action accrues, the time begins to run from the time when plaintiff might have sued. Johnson et al. v. Humboldt Ins. Co., 91 Ill. 92. To the same

effect is Fullman v. N. Y. Union Ins. Co., 7 Gray (Mass.) 61,
and Virginia F. & M. Ins. Co. v. Wells, Trustee, 3 Southeast-
ern Rep. 349.

"The limitation begins to run from the time the right of
action accrues, notwithstanding there is a clause in the policy
that the insurance company may have sixty days after proofs
to pay the loss." Vette v. Clinton Fire Ins. Co., 30 Fed.
Rep. 668.

Where liability is denied by the insurance company suit
may be brought at once, notwithstanding the sixty days
clause. The right of action has accrued. Georgia Home
Ins. Co. v. Jacobs, 56 Tex. 371; Farmers Mut. Fire Ins. Co.
v. Barr, 94 Pa. St. 350.

The clause in an insurance policy limiting the action to be
commenced "within twelve months next after the cause of
action shall accrue," has been construed by the Supreme
Court of New Brunswick to mean, "a case where the plaint-
iff would have power to prosecute his action with effect."
Ketchum v. The Protection Ins. Co., 1 Allen (New Bruns-
wick), 140 and 166.

A clause limiting the time when actions may be brought on
an insurance policy to twelve months "from time right of
action accrued," is sustained in Gray v. Hartford Ins. Co., 1
Blatch. 280, and Brown v. Roger Williams Ins. Co., 5 R. I.
400.

Where the policy provided that suit must be brought
within one year from the date of loss, and also that the insur-
ance company should have sixty days after proof of claim to
pay the loss, the plaintiff contended that the one year limita-
tion did not begin to run until the end of the sixty days; but
the Supreme Court of Louisiana held that it did begin to run
from date of loss, notwithstanding the sixty days clause, and
that the action was barred because not commenced within a
year. Garreway v. Merchants Mut. Ins. Co., 26 La. An. 298.

A clause limiting the cause of action on an insurance policy
to "six months next after the cause of action shall have
accrued," is sustained in Brown v. Savannah Mut. Ins. Co.,
24 Ga. 101; and see Allegre v. Ins. Co., 6 Harris & J. (Md.)

413. The same doctrine is held in Strong v. Harvey, 3 Bingham E. C. L. Rep. 303.

The Supreme Court of Kansas hold that the clause in an insurance policy giving the company sixty days in which to pay the loss is wholly for its benefit, and that in case of refusal to pay and denial of liability the right of action accrues to the insured at once. Cobb v. Ins. Co. of N. A., 11 Kas. 93.

The Supreme Court of Delaware say that a provision in a policy of insurance giving the company ninety days after proof to pay a loss is a clause of limitation wholly in favor of the company, and may be waived by it; that it is waived by a refusal of the president of the company to pay the loss and that upon such refusal the right of action at once accrues to the insured. Hoffecker v. New Castle Ins. Co., 5 Del. 101.

The New York Court of Appeals say that the statute of limitations, even in equity, "begins to run as at law as soon as the party has a right to apply to the proper tribunal for relief," and "the statute of limitations begins to run at the time the plaintiff might bring his equitable action, and is charged with notice that his right is denied." Of course the same rule applies where the limitation is by contract. Bruce v. Tilson, 25 N. Y. 194.

In Norwich & N. Y. F. Co. v. The Western Mass. Ins. Co., 34 Conn. 561, the Supreme Court of Connecticut say: "There was a provision in the policy that the loss was payable at any time within sixty days after notice and preliminary proofs to the underwriters. Had the matter gone through the formal stages provided for in the policy, and the proofs been made, without any denial of all liability on another ground, then no suit could have been sustained on the policy until the sixty days had expired. This clause was for the protection or convenience of the underwriters; but when they waived preliminary proofs they also waived the benefit of this stipulation and rendered it nugatory."

"A clause in a policy requiring payment to be made in sixty days after loss and filing proof at the office of the under-

writers applies to cases of an adjustment by the officer and to no other. If the company refuse to adjust, an action will lie within the sixty days." Phillips v. Protection Ins. Co., 14 Mo. 221; Schwarzbach v. Ohio Valley P. U., 25 W. Va. 622.

Stipulations in policies of insurance limiting the time within which claims shall be prosecuted are valid and legal and form the law for the parties. Blanks v. Hibernia Ins. Co., 36 La. An. 599.

The New York Court of Appeals say the limitation in the policy of time to sue after the right accrues, means "from the time the claim or right against the company has been perfected, * * * when the plaintiffs could have commenced their action. The object is to compel an early litigation after the right to sue attached." Mayor of New York v. Hamilton F. Ins. Co., 39 N. Y. 45.

The same court held in a case where the limitation clause was "twelve months after the loss shall occur," that the limitation did not begin to run from the date of the fire, but from the time when proofs of loss and other preliminaries being made, the loss has become a fixed demand against the company, and the assured has a right to bring an action for it." Hay v. Star Fire Ins. Co., 77 N. Y. 243.

Messrs. BARNES & BARNES, for defendant in error.

There can be no question that the plaintiff in error is an insurance company within the meaning of the third section of the practice act cited above, as well as within the decisions of this State. Covenant B. Ass'n of Ill. v. Spies, 114 Ill. 463; Bloomington M. B. Ass'n v. Blue, 120 Ill. 121; Fire Ins. Co. v. Swigert, 120 Ill. 36.

But plaintiff in error insists that it is exempted from said third section by the ninth section of the act under which it claims organization found on page 1350, of Chap. 73, Vol. 2, Starr & C. Ill. Stats., and on page 345, of Vol. 3, Starr & C. Ill. Stats., Sec. 9, of Chap. 73.

We hold that this section on which plaintiff in error relies has nothing whatever to do with the forum of the suit or the remedy on the contract of insurance.

A careful reading of the section will show that it relates and was intended only to relate to the conditions upon which it should be allowed to organize and do business.

In a case where plea to the jurisdiction was disallowed, there was afterward pleas to the merits, and the court said: "They have pleaded to the merits, and that cures all antecedent irregularities of process—defective service, or an entire want of service." Mineral Point R. R. Co. v. Kup, 22 Ill. 9; Knox v. Summers, 3 Cranch, 496.

Procuring time to plea was a waiver of plea to jurisdiction. Cooley v. Lawrence, 5 Duer, 610; Quiram v. Tilton, 2 Duer, 648; Ayers v. Western R. R. Corp., 48 Barb. 132.

Any uncertainty or ambiguity in the policy must be resolved against the company. Spare v. Home M. I. Co., 17 Fed. R. 568; Niagara F. Ins. Co. v. Scammon, 100 Ill. 644.

When, as in this case, the limitation is claimed by the contract, the terms of the contract are to control. And that was one year and sixty days after proofs, and the defendant could not without the consent of plaintiff change the period of limitation. DeMass v. Newton, 31 Ind. 219.

The refusal of the company to pay on the ground that policy had elapsed may be a waiver of the right to proofs of loss and sixty days after to pay; yet the plaintiff claiming the policy in force must sue within one year after the sixty days given the company to pay. Farmers M. F. Ins. Co. v. Barr, 94 Pa. 350.

The limitation is against the plaintiff's right and can not defeat her, unless its just construction requires it. Hay v. Starr F. Ins. Co., 77 N. Y. 235 (244); Mayor v. Hamilton F. Ins. Co., 39 N. Y. 46.

The above are authorities that where time is given to pay and limitation is fixed at so long after loss, courts hold it to mean so long after right to sue accrues. And to same effect is Miller v. Hartford Ins. Co., 7 Ia. 704.

But we now cite the court to a case by an able court precisely in point, and holding that while refusal to pay by the company was a waiver of the sixty days' time to pay, it did not set the limitation running and did not change the period of

limitation fixed by the contract, which was one year after cause of action accrued. That if payment was peremptorily refused the plaintiff might have sued at once, but was not bound to sue before the time required by the policy or contract. See Spare v. Home M. Ins. Co., 9 Sawyer, 142.

LACEY, J. This suit was commenced at the October term, A. D. 1888, of the Circuit Court of Marshall County, by defendant in error, to recover damages to her resulting from the loss of her husband, whose life was insured in an accident policy of plaintiff in error, for $4,000. The defendant in error resided in Marshall County, Ill., and brought suit in that county and caused the summons to issue, directed to the sheriff of Cook County, who, on the 1st day of August, 1888, served it on John M. Hamilton, president of plaintiff in error, in said Cook County, and returned the same so served to the office of the Circuit Court of Marshall County. On January 14, 1889, plaintiff in error filed its plea in abatement to the jurisdiction of the court in said action by Robert B. Edwards, its attorney in fact, in which it formally averred that before and at the time of the commencement of the action by the defendant in error, it was, and still is, an association, organized under an act of the General Assembly of the State of Illinois, entitled "An Act to provide for the organization and management of corporations, associations and societies for the purpose of furnishing life, indemnity or pecuniary benefit to the widows, orphans, heirs, relatives and devisees of deceased members, or accident, or permanent disability indemnity to members thereof," approved June 18, 1883, and in force July 1, 1883; and that the defendant at the time of the said organization, and before and after the time of the commencement of this suit, had and still has its principal office and *situs* and residence in the city of Chicago, Cook County, Illinois, and not in said county of Marshall, and plaintiff in error was not found or served in said Marshall County, Illinois, but in Cook County, Illinois, and that it is not now, and was not at the time of said service, an insurance company, within the meaning of and subject to service of process as

provided in the act of the General Assembly of said State entitled, "An Act concerning the jurisdiction of Circuit Courts in cases instituted against life insurance companies," approved April 3, 1873, and in force July 1, 1873, nor did any of its members at any time since its organization receive or become entitled to any moneys as profits from the business of said organization, etc.   To this plea in abatement the court sustained the demurrer interposed by defendant in error. Thereupon plaintiff in error took leave and pleaded to the merits of the case.   Afterward, upon a trial before a jury, a verdict was returned in favor of defendant in error for $4,526.54, and judgment rendered thereon against plaintiff in error for that amount, to reverse which this writ of error is sued out.

Among other things, plaintiff in error assigns for error the sustaining the demurrer to the plea in abatement to the jurisdiction of the court, but to the consideration of this question by this court defendant in error objects, for the alleged reason that plaintiff in error had waived its right to raise that question here by its action in asking leave and pleading to the merits of the case.   Several other errors are assigned by the plaintiff in error, but in the view we take of the case it will only be necessary for this court to decide the two first questions raised by the record, and we shall therefore not notice any of the other various errors assigned on the record and urged here.   Naturally the first question for us to consider will be whether or not the plaintiff in error waived its right to assign for error here the action of the court in sustaining the demurrer to the plea in abatement, by pleading in bar, as in case of our deciding in the affirmative we can not consider the error assigned on the demurrer.   Upon this point we need scarcely say more than that we have carefully examined the law and the decisions of the Supreme Court upon this point, and find that it is fully held in various cases that a party does not waive the right to assign for error in the Appellate Court the sustaining of a demurrer to a plea in abatement to the jurisdiction of the trial court by subsequently asking leave of the court to plead to the merits.   And we

find no cases in force holding otherwise. Delehay v. Clement, 3 Scam. 201; Weld v. Hubbard, 11 Ill. 574; C. & V. R. R. Co. v. Joiner, 72 Ill. 520; see, also, Humphrey v. Phillips, 57 Ill. 135, and Drake v. Drake, 83 Ill. 526.

We shall then proceed to consider and determine the question of the right to serve the plaintiff in error with summons in Cook County. The material allegations of the plea in abatement is as to whether plaintiff in error is an insurance company within the meaning of Sec. 3 of the Practice Act, Starr & C. Ill. Stats. If so, then the service was proper, otherwise improper, and the demurrer to the plea should have been overruled. After a full investigation of all the statutes bearing upon the question, and the general law as to what constitutes an insurance company within the meaning of that term as generally understood, we are clearly of the opinion that plaintiff in error is not an insurance company, either fire or life, and not subject to be served with process out of the county where it has its office or residence, as was according to the plea in this case averred.

The second section of the Practice Act provides that "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found except in local actions, etc.," and the third section provides that " the Circuit Court of the county wherein the plaintiff or complainant may reside shall have jurisdiction of all actions hereafter to be commenced by any individual against any fire or life insurance company, either incorporated by any law of this State or doing business in this State. And all process issued in any cause commenced in the county wherein the plaintiff may reside, wherein an individual may be plaintiff or complainant, and such company defendant, may be directed to any county of this State for service and return." The general rule as established by the statute, is that any defendant or respondent may not be sued out of the county where he resides, or may be found, with the exception of fire or life insurance companies, which may be sued where the plaintiff or complainant resides.

Now, if the plaintiff in error can not be classed as a life

insurance company, clearly it can not be sued except in the county where it in legal contemplation resides, that is, in Cook county.

The plea avers that none of plaintiff in error's members at any time since its organization became entitled to or received any money as profits from the business of the organization, and the act under which it was incorporated forbade the receiving such profits.  In Golden Rule v. The People, 118 Ill. 492, the Supreme Court say:  " Not to be deemed an insurance company under the act, it must be intended to benefit the widows, orphans, heirs and devisees of deceased members and members who have received a permanent disability, and where members receive no money, as profits or otherwise, except for permanent disability."  Now no profits of the kind forbidden were to be received by any member of plaintiff in error's organization.  Hence it does not fall within the definition of an insurance company.

. Besides this, the legislation under the act under which the corporation of plaintiff in error was organized, expressly provides (Sec. 9, Starr & C. Ill. Stats. 1350): "All corporations, associations or societies, organized under the provisions of this act,  *  *  *  for the purpose of furnishing life, accident or permanent disability, indemnity or mortuary benefit on the assessment plan, in accordance with the provisions of the first section of this act, shall not be deemed insurance companies, nor subject to the laws of this State relating thereto."  We have no doubt that the Legislature has the power to define what shall or shall not be deemed or held to be insurance companies in this State, or to regulate the practice concerning the service of summons on a certain class of incorporations.  So, as the plaintiff in error was and is not a corporation falling within the class of insurance, fire or life companies, and became expressly excluded from such class by the statute, we are clearly of the opinion that the third section of the practice act does not apply, and that the service of summons was illegal, being served in a county not authorized by law, and that, in consequence, the court below failed to acquire jurisdiction of the plaintiff in

error, and should have overruled the defendant in error's demurrer to the plea in abatements. This was held under a statute similar, though not as express and definite as the one under which the plaintiff corporation in this case was organized by the Appellate Court of the Third District in N. W. Life Association v. Stout, 32 Ill. App. 31.

The objection is made by defendant in error that the plea does not set out the title of the act under which the plaintiff in error is averred to be organized, in that the word "and" instead of "or" is used in using the words "associations *or* societies," as used in the statute. While we do not deem this a material variance, yet the real material averment was as to whether plaintiff in error was or was not an insurance company, which was expressly made.

The averment that the plaintiff in error was organized under the first section of the act, was sufficient without further negative averments, except the one made that no profits were to be shared by living members. That portion of Sec. 9 which provides that the act shall not apply to organizations purely social, religious or benevolent," where no commissions are paid, nor salaried officers or agents or employes," has no application to the questions here involved, as is supposed by counsel for defendant in error. That has reference to an entirely different question.

Holding, then, that the court erred in sustaining defendant in error's demurrer to plaintiff in error's plea in abatement, and that the court below acquired no jurisdiction by the service on the president of the company in Cook County, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*