# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

GRAND LODGE BROTHERHOOD OF LOCOMOTIVE FIREMEN

*v.*

## PHILLIP C. CRAMER.

*Filed at Mt. Vernon November 11, 1896.*

1. PLEADING—*error in sustaining demurrer to dilatory plea not waived by pleading over.* A defendant who pleads over to the merits on a judgment *quod respondeat ouster*, does not thereby waive his right to assign as error the sustaining of the demurrer to his plea in abatement. (*Bangor Furnace Co.* v. *Magill*, 108 Ill. 656, explained.)

2. SAME—*when demurrer to plea in abatement is properly sustained.* A plea in abatement in a suit against the "Grand Lodge of the Brotherhood of Locomotive Firemen," (sued and served as a corporation,) which is uncertain and argumentative, and which, in attempting to attack the service by showing the defendant is not a corporation, avers only that the "Brotherhood Firemen" is not a corporation, is bad, and demurrer thereto is properly sustained.

3. MOTION—*when a motion to quash the service will not be entertained.* After an insufficient plea in abatement has been declared bad, a motion to quash the service of the summons on substantially the same grounds will not be entertained.

*Grand Lodge B. of L. F.* v. *Cramer*, 60 Ill. App. 212, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment of the city court of East St. Louis in favor of appellee, against appellant, upon a certificate of insurance for $1500, insuring appellee against total disability. The disability in this case arose from an injury to his arm, received while appellee was engaged, as engineer, in running a locomotive engine.

The return of service of summons in the trial court was as follows: "I have duly served the within summons on F. W. Arnold Lodge No. 44, a subordinate lodge and agent of defendant, located and existing in said city, by reading and delivering a true copy of said summons to Robert A. Stevenson, master and chief officer of said subordinate lodge, in his capacity of such master, and also by reading and delivering a true copy of said summons to W. W. Gillis, secretary of said subordinate lodge, in his capacity of such secretary, and also by reading and delivering a true copy of said summons to William Boyne, an agent of the defendant,—all of which was done on the 7th day of August, 1894; the president of said company not found in my county."

The defendant then filed the following plea in abatement: "Now comes the Brotherhood of Locomotive Firemen, against which the plaintiff has issued his said writ and declared thereon by the name of the Grand Lodge of the Brotherhood of Locomotive Firemen, and enters a limited appearance herein for the purpose of showing the following fact only, and for no other purpose: The Brotherhood Firemen is not now, and never has been, a body corporate under the laws of the State of Illinois or elsewhere; that the organization is a co-operative or mutual benefit association, having no corporate existence whatever; that it is operative under a voluntary constitution and voluntary by-laws peculiar to that class of organization, and that the organization has never been held out as having corporate powers. It is true there is

an organization called the Brotherhood of Locomotive Firemen; that such organization has headquarters in Terre Haute, in the State of Indiana; that it has a grand master and secretary and treasurer, who reside in the city of Terre Haute, in said State, and transact the business of said organization there; but none or either of them have ever resided or do now reside in the city of East St. Louis, in the State of Illinois, and did not at the time of the writ herein, nor have they since the issue of the writ herein, been in the city of East St. Louis, county and State aforesaid. The organization has declared in the constitution of the grand lodge as follows: 'Sec. 1.— This body shall be known as the Brotherhood of Locomotive Firemen, with headquarters permanently located at Terre Haute,' and by such designated name the order is known as a mutual benefit organization; that the said Robert A. Stevenson, upon whom service has been made in this case as shown by the amended return herein of the date of 7th day of August, 1894, is not now and never has been an agent of the Brotherhood of Locomotive Firemen of the city of East St. Louis or elsewhere; that the said W. W. Gillis, upon whom service has been made as shown by said amended return, is not now and never has been the agent of the Brotherhood of Locomotive Firemen in the city of East St. Louis or elsewhere, and that the said William Boyne, upon whom service has also been made as shown by said amended return, is not now and never has been an agent of the said Brotherhood of Locomotive Firemen in the city of East St. Louis or elsewhere. And the defendant avers that while the parties upon whom service has been made, as aforesaid, may be officers of a subordinate lodge of the Brotherhood of Locomotive Firemen, the said Brotherhood of Locomotive Firemen cannot, under the laws of Illinois or elsewhere, be brought into court by service upon the officers of a subordinate lodge. If, in law, subordinate lodges can be held as the agents of locomotive firemen, defendant de-

nies that its officers can be made the agents of said organization for the purpose of bringing the same into court, or that the Brotherhood of Locomotive Firemen can be served through the officers of a local subordinate lodge. Defendant avers that if the parties named, upon whom service has been made as officers of a subordinate lodge, are the officers, as alleged in said amended return, the said officers did not report said service to the officers of said subordinate lodge, nor did the subordinate lodge take any action thereon and notify the Brotherhood of Locomotive Firemen, the defendant herein; wherefore defendant prays judgment if the court here will take cognizance of the action aforesaid."

This plea was sworn to. The plaintiff demurred to this plea and assigned the following special grounds of demurrer: First, the plea purports to be by the Brotherhood of Locomotive Firemen instead of the Grand Lodge of the Brotherhood of Locomotive Firemen, the party sued, and shows on its face that they are separate and different organizations; second, that so much of the plea that denies corporate existence is matter which goes in bar of the action and cannot be pleaded in abatement, and the plea is defective in containing matter both in abatement and in bar of the action; third, the plea does not deny that the said subordinate lodge is an agent of the defendant sued, with the Grand Lodge of the Brotherhood of Locomotive Firemen; fourth, the plea does not deny that any of the parties served as agents of the said grand lodge were such at the time service was had, and the plea is argumentative, and alleges matter as law, which is erroneous; sixth, the plea is both a traverse and statement of affirmative matter; seventh, the plea is not signed by counsel, nor by any one on the part of defendant; eighth, and is in other respects defective.

The demurrer was sustained, the cause continued, and at the next term the defendant entered its motion to quash the return for reasons substantially the same as

those set up in the plea in abatement. The motion was overruled and the defendant excepted. Defendant then filed pleas in bar, upon which issues were formed and a trial had, resulting in a verdict and judgment for the plaintiff.

COCKRELL & MOYERS, for appellant.

M. MILLARD, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The questions presented by counsel for appellant for our consideration, aside from questions of fact which are not open to review in this court, are few and may be briefly disposed of.

Counsel seem to be under the impression that the Appellate Court decided that by pleading in bar appellant waived its right to assign for error the ruling of the trial court in sustaining the demurrer to the plea in abatement. We do not so understand the opinion of the Appellate Court. That alleged error seems to have been fully considered by the Appellate Court, and it was held that the demurrer was properly sustained. The rule is, that where the defendant pleads over to the merits in response to a judgment *quod respondeat ouster,* he does not waive the right to assign for error the decision of the court in sustaining the demurrer to the plea in abatement. (*Delahay* v. *Clement,* 3 Scam. 200; *Weld* v. *Hubbard,* 11 Ill. 573; *Union Mutual Accident Ass.* v. *Riel,* 38 Ill. App. 414; *Galveston City Railroad Co.* v. *Hook,* 40 id. 547; *Branigan* v. *Rose,* 3 Gilm. 123; *Harkness* v. *Hyde,* 98 U. S. 476.) This rule was not intended to be changed by anything that was said in *Bangor Furnace Co.* v. *Magill,* 108 Ill. 656.

Appellant's plea in abatement was clearly defective and insufficient, and for most of the reasons assigned in the demurrer. In the first place, the plea is uncertain and argumentative. As stated in the opinion of the Appellate Court by Presiding Justice SCOFIELD, the plea,

though not signed by either the defendant or counsel, purports in the body thereof to be by the "Brotherhood of Locomotive Firemen" instead of by the defendant, and does not show that these are the same organizations, except argumentatively, in the introductory part of the plea. It is then averred in the plea that the "Brotherhood Firemen" is not and never was a corporation, *non constat* the defendant may not have been. After the averment that the "Brotherhood Firemen" was not a corporation, but only a voluntary or mutual benefit association, the question is argumentatively raised in the plea whether or not service of process can be had on such an association by service upon the officers of the subordinate lodges. There is no positive averment in the plea that the defendant is not a corporation, and liable, as such, to service in the manner provided by statute for the service of process upon corporations. Nor is there any averment that the "F. W. Arnold Lodge No. 44," served as the "subordinate lodge and agent of the defendant," was not such agent, so that assuming, for the argument, that the defendant, the "Grand Lodge of the Brotherhood of Locomotive Firemen," was a corporation, the plea lacks the principal, essential averment that the summons was not served upon its agent. Or, if it were intended to be alleged that the defendant, whether properly designated as the "Grand Lodge of the Brotherhood of Locomotive Firemen" or as the "Brotherhood of Locomotive Firemen," was not a corporation but only a voluntary association without corporate powers, and was not amenable to service had upon its agents under the laws of this State, it is sufficient to say that there was no such allegation in the plea, and it is only by inference or argument that it can be said that such a question is remotely suggested. It might be perfectly true that the "Brotherhood Firemen" was not a corporation, and still true that the defendant as named in the writ, or the "Brotherhood of Locomotive Firemen" mentioned in the

introductory part of the plea, was. Every intendment must be taken most strongly against the pleader. If, then, in considering the plea it be assumed that the defendant was a corporation, the plea is bad for not denying the agency of the subordinate lodge.

The plea has other substantial defects, but it is unnecessary to lengthen this opinion in their enumeration. They were fully pointed out in the opinion of the Appellate Court. It follows that no error was committed in sustaining the demurrer to it.

At a subsequent term appellant moved the court to quash the return on substantially the same grounds set up in the plea in abatement. This motion was properly overruled. A plea in abatement is waived by interposing an insufficient motion founded upon the same matter. (*Union Nat. Bank* v. *First Nat. Bank*, 90 Ill. 56; *Holloway* v. *Freeman*, 22 id. 197.) The converse of this proposition is equally true, and we agree with the learned judge who wrote the opinion of the Appellate Court, "that after an insufficient plea in abatement has been disposed of, a motion to quash the service on substantially the same grounds will not be entertained."

Counsel for appellant insist that the principal question presented to this court, and the one they desire settled, is, whether or not the officers of a local lodge are *ex officio* agents of the grand lodge and whether the local lodge is such agent, and in their argument say: "We invite the attention and ask this court to determine how far a local lodge is the agent of a grand lodge, and to what extent, and in what case, if any, an officer of a local lodge may or may not be considered the agent of a grand lodge." There is nothing before us from which we can determine the question pressed upon our attention by counsel. The plea in abatement, as we have seen, was not sufficient to raise the question whether or not service was had upon an agent of appellant, and the return of the officer being *prima facie* true, there is nothing more to be decided on

that score.   We had occasion in two recent cases to con-
·sider voluntary unincorporated associations as parties
in suits brought by and against them.   (*Fitzpatrick* v. *Rut-*
*ter*, 160 Ill. 282; *Guilfoil* v. *Arthur*, 158 id. 600.)   But the
questions decided in those cases are not presented in this.

Appellant filed pleas in bar and contested its liability
to appellee, thus fully entering its appearance in the
cause, but no question of law arising under the issues
formed on those pleas is presented for our decision.   It
follows, therefore, that the judgment of the Appellate
Court must be affirmed.                    *Judgment affirmed.*