Second District—April, 1926.    267

Goodpaster v. Chicago, Milwaukee & Gary R. Co., 240 Ill. App. 267.

## Owen Goodpaster, Appellee, v. Chicago, Milwaukee & Gary Railway Company, Appellant.

### Gen. No. 7,543.

1. PROCESS—*leave of court as prerequisite to amendment of return after filing thereof*. Amendment of a sheriff's return after the filing thereof is ineffective unless made pursuant to an order of court authorizing the same.

2. PROCESS—*effect of court authorization to amend return upon prior unauthorized amendment thereof*. Where it does not appear from the record that an order of court authorizing amendment of a sheriff's return was intended to relate back to and sanction a prior unauthorized amendment thereof, such amendment, being a nullity in its inception, so remained.

3. PROCESS—*necessity of showing inability to serve president of corporate defendant before asking service by publication*. Where neither the original return to a summons directed to a corporation, nor a purported amendment of such return, stated that the president of such corporation could not be found within the county, no foundation was laid for a subsequent service by publication.

4. APPEAL AND ERROR—*right to assign error upon order sustaining demurrer to plea to jurisdiction as affected by subsequent plea to merits*. The fact that a defendant, after the sustaining of a demurrer to his plea to the jurisdiction of the court, pleads to the merits of the action, does not effect a waiver of his right to assign error upon the order of the court sustaining the demurrer.

5. DISCONTINUANCE, DISMISSAL AND NONSUIT—*impaneling of jury as prerequisite to entry of involuntary nonsuit*. Where by replication to a plea of limitations the plaintiff set up that the present action was instituted within one year after he had suffered an involuntary nonsuit of a prior action, a demurrer thereto on the ground that such nonsuit was entered without the impaneling of a jury was properly overruled.

6. APPEAL AND ERROR—*waiver of right to assign error upon overruling of demurrer to replication by filing rejoinder*. Where following the overruling of a demurrer to the replication to a plea of limitations, such replication having set up the institution of the action within one year after submission to an involuntary nonsuit of a former action, defendant filed a rejoinder alleging that the first action was not on the same cause of action as the second, it thereby waived its right to assign error upon the overruling of the demurrer.

Appeal by defendant from the Circuit Court of Winnebago county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed April 5, 1926.

EARLY & EARLY, for appellant; JOHN EARLY, of counsel.

GARRETT, MAYNARD & FELL and CHARLES W. FERGUSON, for appellee.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

This is an appeal from a judgment obtained by appellee against appellant in the circuit court of Winnebago county in a suit for personal injuries sustained in a collision between an army truck, driven by appellee, and one of appellant's trains at a highway crossing near the south end of Camp Grant on December 6, 1917. Two suits were instituted by appellee; the first one was filed on April 2, 1919, and when it was called for trial a judgment of nonsuit was entered against appellee. The present suit was filed June 1, 1923. The sheriff's return upon the summons in this case shows the defendant "not found in this county this 9th day of July, 1923," though it was filed July 7, 1923. On July 9, 1923, without leave of court, the sheriff made this amended return: "I cannot find in this county any Clerk, Secretary, Superintendent, General Agent, Cashier, Principal, Director, Engineer, Conductor, Station Agent or any agent of the Chicago, Milwaukee & Gary Railway Company on whom I can serve the within writ." On September 5, 1923, on motion of the sheriff pro se, the trial court granted him "leave to amend the return herein." No amendment to the return other than the one of July 9 was ever made. On October 29, 1923, one of appellee's attorneys made and filed an affidavit for pub-

lication and publication was had four times in a newspaper, published in Winnebago county. Appellant filed its limited and special appearance and moved to quash the service for want of jurisdiction, but later it was granted leave to withdraw its motion, which it did; then it filed its special plea to the jurisdiction on the ground that the attempted service by publication was not in conformity with section 8, chap. 110, Rev. St. [Cahill's St. ch. 110, ¶ 8], in that the return of the sheriff did not state that the president could not be found in Winnebago county. To this plea appellee demurred, which demurrer was withdrawn and appellee moved for a default of appellant. The court entered an order that "the motion to default the defendant for want of plea is allowed conditionally; defendant being ruled to plead, answer or demur within ten days from this day, otherwise the order of default to become permanent." Thereupon appellant filed the general issue and a plea of the statute of limitations, to which latter plea appellee replied that he suffered an involuntary nonsuit in his first suit, and within one year thereafter began the present suit. A demurrer to this replication was overruled, and appellant then filed its rejoinder that the first suit was not the same cause of action as the second and hence the statute of limitations was a complete bar. A demurrer to the rejoinder was sustained. Thereupon the cause went to trial, and judgment was entered on the verdict in favor of appellee.

It is urged by appellant that the sheriff's alleged amended return was an absolute nullity because it was made without leave of court on July 9, 1923, and the order of the court made on September 5, 1923, granting leave to amend the return was not a "*nunc pro tunc*" order; that it had no reference to the attempted amendment of July 9, 1923; and that the return was never amended at any time in pursuance of the leave obtained on September 5, 1923. It is further contended

that there was no return or affidavit sufficient to justify a notice by publication under the statute. In this connection it is claimed that the court never obtained jurisdiction of appellant and that the motion in arrest of judgment based upon errors on the face of the record should have been granted. The sheriff is allowed great liberality in amending his returns so as to remedy defects therein or make them conform to the truth of the case, but the matter of allowing amendments is within the sound discretion of the court and leave must always be first obtained; amendments made without leave are of no avail. (32 Cyc. "Process," p. 538.) After the return is filed, it cannot be amended without leave of court. (21 R. C. L. "Process," sec. 77.) Section 4, ch. 7, Rev. St. [Cahill's St. ch. 7, ¶ 4], provides that all returns may be amended in the discretion of the court, as well before as after judgment. It is therefore obvious that the intent of the legislature was that an amendment can only be made by leave of the court. In this case no amendment was made after leave was granted on September 5, 1923. Until an authorized amendment is actually made, the document remains the same as if no leave to amend had been given. (*Chicago, B. & Q. R. Co. v. Suta*, 123 Ill. App. 125; *Wisconsin Cent. R. Co. v. Wieczorek*, 151 Ill. 579; *Landt v. McCullough*, 206 Ill. 214.) There is no suggestion in the record that the leave to amend obtained September 5, 1923, was intended to relate back to and sanction the unauthorized amendment of July 9, 1923, *nunc pro tunc*. The purported amendment by the sheriff was a nullity in its inception, and as it never received the sanction of the court at any time thereafter, it has always remained a nullity.

There is still another fatal objection to both the return and the purported amendment. Neither of them state that the president of the defendant corporation was not found in the county. Section 8 of the Practice Act provides that an incorporated company may be

served with process by leaving a copy thereof with its president if he can be found in the county in which the suit is brought, and if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, etc. Service must be had on the president, if he can be found in the county. If he cannot be found then it may be had on some other officer mentioned in the statute. (*Cairo & V. R. Co. v. Joiner,* 72 Ill. 520; *Chicago Planing Mill Co. v. Merchants' Nat. Bank,* 86 Ill. 587; *Norris Coal Mining Co. v. Beam,* 223 Ill. App. 329; *Adams & Pigott Co. v. Allen,* 310 Ill. 119; *Nelson v. Chicago, B. & Q. R. Co.,* 225 Ill. 197.) The return of the sheriff and the purported amendment thereto were both insufficient for the reason above pointed out. Service by publication upon an incorporated company is not authorized at all if its president can be found in the county where the suit is brought. A return that the president of the company is not found in the county is indispensable to the right to give notice by publication under section 8 of the Practice Act.

The fact that appellee afterwards pleaded the general issue was not a waiver of this defect in service and did not give the court jurisdiction. Numerous authorities are cited but we think none of them are in point. Here the trial court conditionally defaulted appellant while its plea to the jurisdiction was still undisposed of. It was reversible error to require appellant to plead to the merits before this plea was disposed of. By pleading over under the rule of court, appellant did not waive its plea nor submit to the jurisdiction of the court. In *Kamp v. Bartlett,* 164 Ill. App. 338 p. 345, the court said: "Appellants were entitled to a trial by a jury upon the issues of fact raised by their plea to the jurisdiction of the court over their persons, and the court improperly required them to plead to the merits until such issues were determined. The order of the court requiring appel-

lants to plead to the merits was equivalent to a judgment *quod respondeat ouster,* and the fact that in response thereto they pleaded over to the merits does not estop them from assigning for error the said judgment of the court." The rule is, that where the defendant pleads over to the merits in response to a judgment *quod respondeat ouster,* he does not waive the right to assign for error the decision of the court in sustaining a demurrer to a plea in abatement. (*Brotherhood of Firemen v. Cramer,* 164 Ill. 9; *Miller v. Grand Lodge of Brotherhood,* 206 Ill. App. 241, p. 244; *Butler v. National Live Stock Ins. Co.,* 200 Ill. App. 282.)

The trial court did not err in overruling its demurrer to appellee's replications to the pleas of the statute of limitations. In *Boyce v. Snow,* 187 Ill. 181, a similar replication was held to set out facts which showed that an involuntary nonsuit had been entered. It is claimed that the impaneling of a jury is a necessary element in an involuntary nonsuit but we have been unable to find any authority to the effect that a jury must be impaneled before an involuntary nonsuit can be taken.

In *Holmes v. Chicago & A. R. Co.,* 94 Ill. 439, p. 443, the court said: "A voluntary nonsuit is said to be an abandonment of a cause by a plaintiff, and an agreement that a judgment for costs be entered against him, but an involuntary nonsuit is where a plaintiff, on being called when the case is before the court for trial, neglects to appear, or where he has given no evidence upon which the jury could find a verdict."

It is true that if the nonsuit was voluntary the demurrer should have been sustained, but in our opinion the replication sufficiently set up an involuntary nonsuit and the demurrer was properly overruled. We also think that by pleading over appellant waived its demurrer. (*Heimberger v. Elliot Frog & Switch Co.,* 245 Ill. 448; *Wann v. McGoon,* 2 Scam. 74.)

Because of the errors we have pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*