THE CLAY FIRE AND MARINE INSURANCE COMPANY

*v.*

ERNST WUSTERHAUSEN *et al.*

1. PLEADING — *declaration on insurance policy not necessary to negative matter of defense.* In an action of covenant on a policy of insurance containing a condition, that if any change took place in the title to the property insured by voluntary transfer, without the consent of the company, the policy should be void, it is not necessary for the plaintiff in his declaration to allege that no change in the title had taken place, etc., as such clause in the policy is solely for the benefit of the insurer, and, therefore, it is incumbent on him to interpose a breach of the condition in defense.

2. SAME — *requisites of pleas in general.* It is an elementary rule of pleading that every plea should be so pleaded as to be capable of trial, and, therefore, must consist of matter of fact, the existence of which may be tried by a jury on an issue, or the sufficiency of which, as a defense, may be determined by the court upon demurrer, or matter of record, which is triable by the record itself

3. SAME — *plea presenting a mixed question of law and fact is bad on demurrer.* In a suit upon an insurance policy, containing a condition that

the same should be avoided if any change took place in the title to the property by voluntary conveyance without the assent of the company, the company pleaded that before the loss, to wit, on, etc., at, etc., a change took place in the title of the property insured by voluntary transfer, and without the consent of the defendant, whereby the policy became void : *Held*, that the plea was obnoxious to a demurrer, as it presented an issue involving both questions of fact and law which could not be submitted to a jury.

4. BURDEN OF PROOF — *payment of loss on insurance.* In an action to recover for a loss of property insured it is not incumbent on the plaintiff to prove that he has not been paid. This being a matter of defense, the burden of proof is on the defendant.

5. PLEADING AND PRACTICE — *leave to reply double.* Where a plaintiff filed two replications to a plea without leave of court, but subsequently obtained leave to reply double, and did not withdraw and re-file his replications, and the defendant was ruled to rejoin in twenty days, which he failed to do, and suffered judgment by default to be entered against him on one of the replications : *Held*, that there was no error, and even if there was, the objection came too late when urged in this court for the first time.

APPEAL from the Superior Court of Cook county ; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. BRANDT & HOFFMANN, for the appellant.

Mr. PHILLIP STEIN, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

This was covenant, by appellees against appellant, on a policy of insurance.

The policy contains this condition : "If any change takes place in the title or possession of the property, whether by sale, legal process, judicial decree, voluntary transfer, or conveyance, or the policy is assigned, without consent of the company indorsed hereon, or if the assured is not the sole and unconditional owner of the property insured, then, and in every such case, this policy shall be null and void."

Appellant pleaded, among other pleas, "that after the making and delivery of said policy of insurance, set out in the declaration, and before the happening of the loss therein set

out, to wit, on September 1, A. D. 1873, to wit, at the county aforesaid, a change took place in the title of the property thereby insured, by voluntary transfer, and without the consent of the defendant, and said policy of insurance thereby then and there became and was, and has ever since been, and now is, null and void," etc.

Appellees interposed a demurrer to the plea, which was sustained by the court, and this is the first error insisted on in the argument.

We think the plea was clearly defective, and the demurrer properly sustained. It is an elementary rule of pleading that " every plea should be so pleaded as to be capable of trial, and, therefore, must consist of matter of fact, the existence of which may be tried by a jury on an issue, or the sufficiency of which, as a defense, may be determined by the court upon demurrer or matter of record, which is triable by the record itself." 1 Chitty's Pleadings (7th Am. ed.), 573.

What constitutes " change of title by voluntary transfer ? " The law does not affix such definite and precise meaning to these words that there can be no question as to the steps by which the transfer was effected, or the character of the title vested in the transferee; and it is manifest they are merely the expression of a conclusion, involving both questions of fact and of law, and an issue thereon could not, therefore, be submitted to a jury.

In reply to the suggestion that appellees, in their declaration, alleged, in the language of the policy, that no change in the title had taken place by voluntary transfer, etc., and that the plea being as broad as the declaration, and responsive to it, must be held sufficient, it is enough to say, this allegation was surplusage, and not essential to appellees' cause of action. It was not necessary that they should make any allegation or proof on the subject. This clause in the policy was solely for the benefit of appellant, and it was incumbent on it to interpose a breach of it, as matter of defense, if it desired to avail of

such defense.    Stephens on Pleading (9th Am. ed.), 349; Comyn's Digest, Tit. Pleader, C. 57.

It is also urged that the judgment below cannot be sustained, because there was no proof that the loss had not been paid. This, also, was matter of defense, and the burden of proof was on appellant.

Appellant's fifth plea was that "appellees were not the sole owners of the property insured." Two replications were filed to this plea — one traversing the facts alleged in the plea, and the other replying a subsequent waiver of this condition in the policy. This seems to have been done without leave of the court. Subsequently, however, leave of the court was obtained to reply double to the fifth plea, and appellant was then required to rejoin to the second replication within twenty days. The two replications previously filed were not withdrawn and re-filed; and appellant did not rejoin to the second replication within the twenty days, as ordered by the court; and the court thereupon entered judgment by default against it on that replication.

This, it is insisted, was error. It does not appear that appellant made any objection to the judgment by default at the time it was entered, or that it made any application to the court, before the cause was finally disposed of, to have the default set aside and allow the rejoinder to be filed.

We must presume that the court considered the permission to reply double related back to the time the replications were filed, and deemed it unnecessary to go through the mere matter of form of withdrawing and re-filing them; and we think this view was entirely correct. It was sufficient that the leave of the court was obtained, the replications filed, and appellant allowed ample time within which to rejoin.

Such objections, moreover, come too late when urged for the first time in this court.

No error is perceived in the record, and the judgment will be affirmed.

                                        *Judgment affirmed.*