## Scottish National Insurance Company of America v. Mary A. Adams.

1. INSURANCE POLICY—*what matters of defense to.* If there was, contrary to the provisions of the policy in question, other insurance upon the premises insured, or if contrary to such provisions the interest of the assured was other than that mentioned in the policy, such facts are matters of defense and need not be averred in the declaration.

2. DECLARATION—*when allegations of, treated as surplusage.* An allegation of a declaration which negatives matters purely of defense, will be treated as surplusage.

3. DECLARATION—*when sufficient, upon insurance policy.* A declaration predicated upon an insurance policy which covers " all direct loss or damage by fire," need not allege that the loss was not occasioned by causes specifically not insured against.

4. DEFAULT—*what admitted by.* A default admits every material and traversible fact alleged in the declaration.

5. DEFAULT—*when not set aside.* A refusal to set aside a default is proper where the showing made in support of a motion to set aside clearly shows the defendant's negligence in failing to plead.

6. ASSESSMENT OF DAMAGES—*what evidence sufficient to support.* Where the defendant is in default, the mere statement of a witness called on behalf of the plaintiff as to the amount due from the defendant to the plaintiff, is sufficient to sustain the assessment.

Action of assumpsit. Error to the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

DEFREES, BRACE & RITTER, for plaintiff in error.

F. B. HAMILL and RAY & DOBBINS, for defendant in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action of assumpsit upon a policy of insurance. The defendant failed to plead to the declaration within the time provided by the rules of the Circuit Court, whereupon a judgment by default was entered against it for the sum of $525.45. Some ten days thereafter, the defendant moved the court to vacate the order of default and judgment, and for leave to plead, which motion was denied. The defendant prosecutes this writ of error and urges as ground for the reversal of said judgment that the declaration is insufficient to support the judgment, and that the trial court erred in refusing to grant said motion.

The policy sued on, which is set out in the declaration, contains a provision that it shall be void, if the insured, at the time of its issuance, or thereafter, had or procured any other contract of insurance on the property covered by such policy. The declaration sets out the policy sued on in full, and avers, *inter alia*, that at the time of the issuing of the same, there was then issued upon the buildings and premises covered by the same a valid policy of insurance in another insurance company, which insured said building against loss by fire in the amount of $800, and "that the plaintiff had no knowledge of the existence of the said policy of insurance with the said prior insurance company at the time of issuing of the policy of insurance by the defendant company to the plaintiff." The defendant contends that the averment that plaintiff had no knowledge of the existence of such other policy is insufficient to avoid the effect of the provision of the policy rendering the same in such event void, for the reason that the averment states but mere conclusions; that whether or not she had actual or constructive knowledge would depend upon the facts, which should be set forth in the declaration.

The declaration also avers that the plaintiff "had an interest in the property mentioned in said policy to the amount of the money insured thereon, and that on November 27, 1903, said premises and property described in said policy were burned."

It is further insisted that inasmuch as the policy provides that the same shall be void if the interest of the insured be other than unconditional ownership in *fee simple*, the foregoing averment is insufficient.

In answer to such contentions it is sufficient to say that the allegations in question were not essential to plaintiff's cause of action and may be treated as surplusage. It is unnecessary that any allegations or proof upon the subject should have been made by plaintiff to establish a *prima facie* case. The clauses of the policy in question were solely for the benefit of the defendant, and if it desired to avail of a breach of them, it was incumbent upon it to interpose the same as a matter of defense. Ins. Co. v. Wusterhausen, 75 Ill. 285; Ins. Co. v. Tolman, 80 Ill. 106; Ins. Co. v. Mc-Kenna, 73 App. 283.

It is also insisted that the mere averment of the declaration to the effect that the premises were "burned" is insufficient, in the absence of a further averment that the loss was not occasioned by riots, etc., in which cases the policy provided that appellant should not be liable. Webster defines the word "burned" or "burnt" as "consumed by, or as with fire." The policy insured plaintiff against "all direct loss or damage by fire." If the loss or damage was the result of any of the causes enumerated in the policy as exceptions, such fact was also a matter of defense which it was unnecessary to negative in the declaration.

It is further urged that the evidence upon the question of damages was insufficient to warrant the trial court in assessing the damages awarded and entering judgment therefor. The abstract shows that the only evidence as to the amount of damages was the testimony of the plaintiff, who testified that there was due to her from the defendant, under the terms of the policy sued upon, the sum of $525.45, which was the sum at which the damages were assessed. While it is true that the mere statement of a witness that the defendant owes the plaintiff a certain sum of money, without proof of any consideration or promise, is not sufficient to support a verdict or finding, we are of

opinion that the evidence in question was sufficient to warrant the assessment of the damages awarded, for the reason that by its default, the defendant admitted every material and traversable fact alleged in the declaration and only an assessment of damages was required. Cerveny v. Chicago News Co., 139 Ill. 345. The declaration averred the issuance of the policy, which established both a consideration and promise, and distinguishes the case at bar from those cited by counsel.

The affidavits filed in support of the motion to set aside the default and judgment, so clearly show negligence on the part of the defendant's attorney in failing to plead, that we shall not discuss the contention that the trial court erred in refusing to grant such motion, further than to say that such action did not constitute an abuse of discretion.

The judgment will be affirmed.

*Affirmed.*