**E. B. Butler and F. O. Butler, partners, trading as Butler Brothers, for use of Thomas Woulf, Appellees, v. National Live Stock Insurance Company, Appellant.**

### Gen. No. 6,205.

1. PLEADING—*when plea to jurisdiction not waived.* A defendant does not, after a demurrer to a plea to the jurisdiction has been sustained, waive such plea by making motions to dismiss the suit, because no bond has been filed to protect a nominal plaintiff, and for a rule on the plaintiff to file a bond for costs, before a judgment to answer over has been entered.

2. PLEADING, § 79*—*when plea to jurisdiction invalid.* A plea to the jurisdiction stating as a legal conclusion, merely, that the action is not of such a character as permits the defendant to be sued in the jurisdiction where suit is brought, is invalid.

3. PLEADING, § 79*—*when plea to jurisdiction insufficient.* A plea to the jurisdiction failing to aver that the beneficial plaintiff does not reside in the county in which suit is brought is insufficient.

4. PLEADING—*what is effect of absence of valid plea to jurisdiction.* In the absence of a valid plea to the jurisdiction, the presumption is that the plaintiff is a resident of the county in which suit is brought.

5. PLEADING, § 379*—*when case treated as if oral issues joined.* Where parties voluntarily go to trial without the formation of written issues, the case is treated as if oral issues had been joined.

6. INSURANCE, § 660*—*what constitutes prima facie case in action on policy for death of animal.* In an action on a policy of insurance on a stallion, containing a clause insuring against death or theft and, in another paragraph, restrictions and limitations as to certain causes of death for which the insurer would not be liable, the plaintiff makes out a prima facie case by showing that the animal died, and the burden is then cast on the insurer to show that the cause of death was one not covered by the policy.

7. PRINCIPAL AND AGENT, § 8*—*when relation exists.* In an action on an insurance policy, where it appeared that the application was signed by a party as special agent whose name, as such, was indorsed on the back thereof, and the defendant in a plea averred that such person was its special agent, *held* not error to permit a witness to refer to such person as the defendants' agent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Butler et al. v. National Live Stock Ins. Co., 200 Ill. App. 280.

8. Insurance, § 663*—*when evidence sufficient to show lack of fraud in procuring policy on animal.* In an action on a policy of insurance on a stallion, evidence *held* to show no fraud in the procurement thereof.

9. Appeal and error, § 1459*—*when objection to admission of testimony not considered on appeal.* An objection to testimony will not be considered on appeal where the same testimony had been previously received in evidence without objection.

10. Insurance—*when provision in policy on animal that it should not be shipped out of State waived.* A provision in a policy of insurance on a stallion, to the effect that he should not be shipped out of the state, *held* waived by issuance of the policy with knowledge on the part of the insurer that he had been shipped out.

11. Insurance, § 329*—*when insurer of stallion in foreign State may not contend that law of such State forbids insurance of animals.* Where an application for a policy of insurance on a stallion is made in Illinois and the policy is sent to Iowa to the owner of the stallion, to whom he had in the meantime been shipped with knowledge of the insurer, the insurer cannot defend on the ground that it is against the law of the latter State to insure animals.

Appeal from the Circuit Court of La Salle county; the Hon. Edgar Eldredge, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916.

M. S. Meyberg, Berne B. Cohen and L. W. Brewer, for appellant.

H. N. Ryon and Boys, Osborn & Griggs, for appellees.

Mr. Presiding Justice Dibell delivered the opinion of the court.

This is an action brought by E. B. and F. O. Butler, partners as Butler Brothers, for the use of Thomas Woulf and James Woulf, partners, and afterwards prosecuted for the use of Thomas Woulf, as surviving partner, against the National Live Stock Insurance Company, hereinafter called the company, upon a policy insuring plaintiffs against the death of an imported

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and registered Belgian stallion. After various pleadings, hereinafter stated, there was a jury trial and a verdict and a judgment for plaintiffs for $1,500, from which the company appeals.

Appellant was organized under the laws of the State of Indiana. Butler Brothers live in Iowa. Thomas and James Woulf lived in LaSalle county, Illinois, and the suit was brought there. The company filed a plea similar to that which, in *Pooler v. Southwick,* 126 Ill. App. 264, we called "A plea to the jurisdiction of the court in the nature of a plea in abatement." Appellees demurred thereto and the demurrer was sustained. Thereafter appellant demurred to the declaration and afterwards filed pleas in bar. It is argued that the court erred in sustaining a demurrer to the plea to the jurisdiction. Appellees contend that appellant waived that plea by pleading to the merits. It was so held in *Delahay v. Clement,* 3 Ill. (2 Scam.) 575, but that decision was overruled on rehearing in *Delahay v. Clement,* 4 Ill. (3 Scam.) 201. The latter decision has been adhered to in *Weld v. Hubbard,* 11 Ill. 573; *Drake v. Drake,* 83 Ill. 526; *Brotherhood of Firemen v. Cramer,* 164 Ill. 9; *Union Mut. Acc. Ass'n v. Riel,* 38 Ill. App. 414; *Galveston City Ry. Co. v. Hook,* 40 Ill App. 547; *Harkness v. Hyde,* 98 U. S. 478. See 1 Corpus Juris, 273, sec. 599, and note 26; 1 Cyc. 136, 137, note 47. The reason given for the rule is that where the defendant pleads over it is in response to a judgment *quod respondeat ouster.* In this case, after the demurrer was sustained to the plea to the jurisdiction, appellant made a motion to dismiss the suit because no bond had been filed to protect the nominal plaintiff, and a motion for a rule on the plaintiff to file a bond for costs, and these motions were before the court ruled appellant to plead. It might be contended that these motions, made before a judgment to answer over had been entered, waived the plea to the jurisdiction, but

we conclude it should not be so treated under the principles laid down in *Kamp v. Bartlett,* 164 Ill. App. 338. We therefore conclude that the action of the court in sustaining the demurrer to the plea to the jurisdiction is before us for decision. The substance of the plea was that at and before the time of the commencement of the suit appellant was and from thence hitherto has been and still is a resident of the State of Indiana, and a corporation organized under the laws of that State; that its place of business is Indianapolis, Indiana, and not LaSalle county, Illinois; that Butler Brothers were then and thence hitherto and still are residing in Emmett county, Iowa, and not in LaSalle county, Illinois; that it has been sued out of the county where it resides, and that it was not found or served with process in LaSalle county, but was found and served with process in Sangamon county, Illinois; that said action does not relate to real estate situated in La Salle county, and that "The said action so brought against it is not of such a character as comes within the exceptions provided by the statutes of the State of Illinois permitting suit to be so brought." We are of opinion that the language above quoted makes said plea invalid. The court has no means of knowing what facts the pleader relied upon as excluding this cause from the operation of said exceptions. Appellant stated its own legal conclusions only. It should have stated the facts relied upon and then the court could have determined whether the legal conclusions of the pleader were correct. We are disposed to hold the plea insufficient for another reason. The plea states nothing as to the place of residence of the beneficial plaintiffs. The policy declared upon is for $1,500 and it showed that the beneficial plaintiffs held a mortgage upon said horse for $1,800 and that they are entitled to the entire amount of the policy if a recovery is had. The nominal plaintiff cannot arrest or discontinue the suit

284 APPELLATE COURTS OF ILLINOIS.

Butler et al. v. National Live Stock Ins. Co., 200 Ill. App. 280.

except on a failure of the beneficial plaintiff to secure him against liability for costs. *Sumner v. Sleeth,* 87 Ill. 500. The statute provides that if the nominal plaintiff dies, the suit does not abate nor survive to the legal heirs or representatives of the nominal plaintiff. The defendant may establish a set-off against the beneficial plaintiff. *Rothschild v. Bruscke,* 131 Ill. 265. If the beneficial plaintiff is a nonresident of the State, he can be compelled to give security for costs. *Smith v. Robinson,* 11 Ill. 119. The beneficial plaintiff may obtain a change of venue. *Jenkins v. Pope,* 93 Ill. 27. The beneficial plaintiff is a party to the suit. *Boynton v. Phelps,* 52 Ill. 210. In these and other cases he is called the real party plaintiff. The plea said nothing as to the residence of the beneficial plaintiffs. Section 7 of the Practice Act (J. & A. ¶ 8544) is as follows:

"The courts of record of the county wherein the plaintiff or complainant may reside, shall have jurisdiction of all actions hereafter to be commenced by any individual against any insurance company, either incorporated by any law of this State, or doing business in this State. And all process issued in any cause commenced in the county wherein the plaintiff may reside, wherein an individual may be plaintiff or complainant, and any such company defendant, may be directed to any county of this State for service and return."

The presumption against the pleader is that the beneficial plaintiffs resided in the county of La Salle and they therefore had the right to bring the suit in that county.

The first plea was nonassumpsit. The second, third and fourth pleas set out the application for said policy and averred that the statements in said application were warranties and were untrue. The second plea averred that said stallion did not cost appellees $2,500, as in said application stated. The third plea averred

that said stallion was not worth $2,500, as in said application stated. The fourth plea averred that said stallion did not serve the number of mares, nor get the percentage of colts in said application stated, and that said horse had not been in the locality stated for the time stated, and that the sums received for his services were not as great as stated in the application. The fifth plea averred that the policy was obtained by fraud, and set out the alleged fraud in detail. The sixth plea alleged that appellant's special agent, who took· the application, put a fictitious value upon the stallion, etc. Afterwards four other pleas were filed, of which the first alleged that appellees had other insurance upon the horse, contrary to the statement in the application. The second additional plea alleged that the death of the horse was not caused by any peril covered by the policy. The third additional plea alleged that the horse was removed from the State in which he was insured, in violation of the policy. The fourth additional plea alleged that the horse was in Iowa when insured and that appellant could not lawfully insure animals in the State of Iowa. Replications were filed to some of these pleas and not to others. It may be that if appellant had been compelled to go to trial without issue joined on all said pleas, such action might have been erroneous, but the record shows that the cause was set for trial by agreement of the parties. Where parties voluntarily go to trial without the formation of written issues, the case is treated as if an oral issue had been joined. *Strohm v. Hayes*, 70 Ill. 41; *Schreffler v. Nadelhoffer*, 133 Ill. 536-547; *Kaestner v. First Nat. Bank of Chicago*, 170 Ill. 322; *Devine v. Chicago City Ry. Co.*, 237 Ill. 278; *Supreme Court of Honor v. Barker*, 96 Ill. App. 490; *Anderson v. Patty*, 168 Ill. App. 151; *Ryan v. McGirr*, 168 Ill. App. 415.

In passing upon the merits, it is to be noted that the

application as set out in the pleas is not fully copied therein, but it is in evidence. Appellant contends that appellees did not prove that the horse met his death from any causes insured against. The policy insured appellees "against loss by death or theft to the amount of $1,500, on the following described live stock." This is followed by a description of this particular animal. In a later paragraph, and apparently in fine print, are limitations or restrictions as to the causes of death against which said policy should run. We are of opinion that appellees made a case when they proved the loss of this animal by death, and that if appellant claimed that the death was not within the limitations the burden was upon it to prove that fact. *Clay Fire & Marine Ins. Co. v. Wusterhausen*, 75 Ill. 285. The rule is thus stated in *Knickerbocker Ins. Co. v. Tolman*, 80 Ill. 108: "The general rule is, that, where a right is conferred by a clause, absolute and unconditional in its terms, but the right is limited in a subsequent clause by a condition or exception, the pleader is not required to negative the condition or exception, but it is for the defense to plead it." *Scottish Nat. Ins. Co. of America v. Adams*, 122 Ill. App. 471. The proof was that the horse was left in a commodious and proper box stall in good health and condition about 11 a. m., and about 6 p. m of the same day was found dead in said stall. No evidence was introduced to support the plea that he did not die from any of the causes specifically indicated in the fine print of the policy.

The proof was positive and uncontradicted that this horse cost Butler Brothers $2,500; that he was then worth $2,500; that Butler Brothers bought the horse of Thomas and James Woulf for $2,500 and paid them $700 in cash and executed two notes for $900 each for the rest of the consideration, payable at certain specified dates, and secured said notes by a mortgage upon the horse, and by this insurance which was immediately applied for; and that there was not between But-

ler Brothers and their vendors any private agreement in any way lessening the amount which they were to pay therefor.

It is contended that the court erred in permitting a witness to speak of James Woulf as the agent of the insurance company. The application is signed not only by the two Butlers but also by "James Woulf, special agent," over a statement at the foot of the application as follows: "Agent must sign his name here." Among the indorsements on the back of the application, obviously placed there by appellant or its agent, is "James Woulf, agent, Streator, Illinois, R. F. D. No. 8." One of the special pleas by appellant averred that James Woulf was a special agent of the defendant company for the purpose of taking applications for insurance. The proof is clear from various sources that James Woulf was the agent of appellant and that he did take and fill out this application, and there was no error in the respect suggested. The application showed that Thomas and James Woulf sold this horse to Butler Brothers for $2,500, of which $700 was cash and $1,800 in notes, payable to Thomas and James Woulf, and that their address was Streator, Illinois, so that the company had full knowledge therefrom that their agent and his brother had just sold this horse to Butler Brothers. The interest of their agent in this application, which he took, was fully revealed, and there is no evidence of any fraud between Butler Brothers and James and Thomas Woulf. The statements therein, as to the number of mares served by this horse in the last two preceding years and percentage of colts therefrom, obviously would not have been known to Butler Brothers, but must have been obtained from appellant's agent, and any one reading the application carefully would see that those statements must have been furnished by the agent and not by the applicant. Those statements were proved to be

288    APPELLATE COURTS OF ILLINOIS.

Butler et al. v. National Live Stock Ins. Co., 200 Ill. App. 280.

true, save in one respect. The application, when introduced in evidence, stated that said horse had served 160 mares during the last preceding year; in fact, it had only served 100 mares. Woulf testified that when that application was written and signed it read "100 mares" and that some one had since changed it to 160. Appellant objected to this answer near the close of his examination, but the witness had previously testified to the same fact without any objection, so that that fact was in evidence without objection some time before any objection was made, and therefore we are not called upon to determine whether such proof, if objected to, was competent without any pleading alleging such alteration.

The horse was sold to Butler Brothers in La Salle county, Illinois, for the purpose of immediately shipping him to Estherville, Iowa. This application was immediately prepared and forwarded to appellant at Indianapolis, and the next day the horse was shipped to Iowa and was in Iowa when the policy was afterwards issued. The application revealed to appellant that the horse was to go to Iowa, not only by the fact that the residence of Butler Brothers in Estherville, Emmett county, Iowa, was stated in the application, but also that it stated that the nearest veterinarian was resident in Estherville. Not only did the agent of the company know that it was immediately to be shipped to Iowa and assent thereto, but the company knew by the application that the horse was going to Iowa, and appellant sent the policy to Butler Brothers, Estherville, Iowa. He was removed to that State before the policy was issued, and with the knowledge of appellant and its agent. When the policy was in fact issued the horse was in Iowa, and he was never removed from that State. If the laws of Iowa forbid appellant to insure animals in that State, nevertheless it did make the contract and receive the consideration

with full knowledge that the horse was to be in Iowa.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*