## Franklin Laury Greene et al., Appellants, v. United American Benefit Association, Appellee.

Opinion filed January 23, 1933.

E. SPENCER MILLER and KASSERMAN & KASSERMAN, for appellants.

ALBERT E. ISLEY, for appellee.

Mr. JUSTICE EDWARDS delivered the opinion of the court.

On April 29, 1929, appellee issued its mutual benefit certificate to Isaac Baker Greene, by which it promised to pay to appellants, as beneficiaries, at his death, the sum of $500, according to the terms of the certificate. Mr. Greene died on March 18, 1930; proofs of death were duly made, appellee disclaimed liability, and this suit was instituted to recover the face of the certificate. Trial by jury was waived, and the cause submitted to the court, who, after a hearing, rendered judgment for appellants in the sum of $50, holding that the amount of appellee's liability was limited by a certain section of the certificate, hereinafter set forth, and known as the ''Chronic Diseases'' clause. From this judgment appellants have appealed.

Two principal questions are involved; first, the application and interpretation of the clause mentioned; second, the nature of the malady which occasioned the death of Mr. Greene.

The "Chronic Diseases" clause was in the following words:

"CHRONIC DISEASES:—In all fairness to the members and in order to guard against the undesirable and physically unfit risks, it is hereby stipulated that: Should the member die within thirty days from the date hereof, from heart disease, liver or kidney trouble, Bright's disease, diabetes, cancer, arterio sclerosis, cerebral hemorrhage, pernicious anemia, tuberculosis, or any chronic disease, the maximum benefit hereunder shall be one-fiftieth of the face value of this certificate, and shall increase one-fiftieth of the face value each sixty days thereafter during the life of the member, until such chronic benefit reaches the full face value of the certificate in accordance with the conditions relating to death benefit as stipulated on the first page hereof."

At the trial, such clause was regarded by the court, and the parties, as being of first importance; and in this court both appellants and appellee have argued that said provision is the element which controls the decision of the cause. Both are agreed that, by its terms, if the insured should die of any of the causes specified therein, within 30 days of the issuance of the certificate, that the beneficiaries would receive one-fiftieth of its face value; that should the insured live for 90 days after its issuance, and then pass away of any of such disorders, appellants would receive two-fiftieths of the certificate's face; should he live for five months after the certificate was issued, and then die, from one of the said maladies, they would be entitled to three-fiftieths of its face, and would, for each succeeding 60 days, which he should thereafter live, re-

ceive an additional one-fiftieth of the amount of the certificate, if he should die from one of the prohibited causes, until the chronic benefit reached the full face value of the certificate; which would necessitate the insured's living in the neighborhood of eight years to entitle his beneficiaries to the full value of the certificate. They, however, differ as to the character of the disorders which are designated. Appellee insists that it has reference to all diseases which are enumerated, whether they be acute or chronic, while appellants' position is that only diseases which are chronic are contemplated by the clause.

The parties have treated the interpretation of the section as the chief element of the case; have argued their respective contentions as to its meaning, and ask that we construe the clause, in order to determine whether the specified maladies comprehend both those which are acute, as well as those which are chronic, or whether it has regard alone to those which are chronic.

In bold type, this clause is headed, "CHRONIC DISEASES." Manifestly this is for the purpose of attracting attention to same, and emphasizing the fact that it relates to chronic disorders, which have been defined to be ailments of long standing, and unyielding to treatment. *State Medical Board v. McCrary,* 95 Ark. 511, 130 S. W. 544; see also *City of Chicago v. Fitzgerald,* 75 Ill. App. 174, at page 180. If it has reference to maladies which are not chronic, why the necessity, or the reason, for designating the clause as "Chronic Diseases," and doing so in large type, the obvious purpose, as well as the effect of which, is to draw it to the attention of parties interested, and create the impression that it related to disorders, chronic in character. After enumerating certain specified diseases, it follows with the phrase, "or any chronic disease," and then, after making provision for increase of maximum benefits, as the age of the cer-

tificate shall increase, during the life of the insured, refers to the benefits as "such chronic benefit."

The last quoted phrase, used broadly and without reserve, relates to all benefits which are conferred by the clause, and by referring to them collectively as "such chronic benefit," denotes a purpose that the section should include only chronic diseases. If not, why characterize them all as "such chronic benefit." Why not simply designate them "such benefit"; as in such situation the word "chronic" would be meaningless and superfluous. We see nothing in the clause to indicate that the word was not intended to be used in any other than its ordinary sense, and be given its usual meaning.

Counsel for appellee argues that the words, "or any chronic disease," indicate that the enumerated disorders, preceding the phrase, are within the purview of the clause, whether they be acute or chronic. The fundamental rule of construction is that the entire clause must be considered, in order to determine its meaning; that the relation and connection of one phrase, to the others, must be taken into account, in ascertaining the significance of each part, as well as the whole, and that a single phrase may not be considered alone, and separated from the other parts. *Chicago Home for Girls v. Carr,* 300 Ill. 478. 45 Corpus Juris 24, sec. 22. Considering the clause as an entirety, we are impelled to the conclusion that it was intended to cover only diseases which are in their nature chronic.

The insured died, while riding on a street car, on his way to work. The cause of his death was admittedly cerebral hemorrhage or valvular heart disease. He had apparently been in usual health, without indication of disease; had worked each day, and over a long period of time had only been medically treated for minor ailments, such as colds. Dr. Sylvis, who knew

him for many years, and had attended him at times for
the lesser infirmities referred to, testified, by deposi-
tion, that he saw decedent the day preceding his death,
and that there was no indication of any disease, either
acute or chronic, at that time; that his condition was
apparently normal; that after his death, he examined
him, by inspection only; that where cerebral hem-
orrhage is the cause of death, there are no signs of the
malady discoverable, just before decease. The same
doctor furnished written proofs of death, which same
were introduced in evidence by appellee, in which, in
response to questions, he made answers which were
somewhat contradictory, giving the cause of death as
valvular heart disease, of six months' duration, and
cerebral hemorrhage as a contributory cause. In the
same statement, in answer to other questions, he de-
clared that deceased, in his opinion, was not afflicted
with disease or ailment of any nature, two months, six
months, or twelve months, prior to death; and in reply
to the question: "Did deceased have any chronic
disease or ailment?" answered, "No." He also stated
that he had no constitutional disease or ailment, and
was in apparent good health for seven years prior to
death.

The depositions and statements of the other wit-
nesses, including members of his family, who knew
deceased, and who had come into contact with him for
a considerable number of years before his death, was
that he performed clerical work, each day, in the office
of a steel corporation. His health seemingly was
good; nothing to indicate the contrary. The coroner
and undertaker, neither of whom was shown to have
known decedent in his lifetime, stated their belief that
he died of heart trouble, without expressing any opin-
ion as to whether it was acute or chronic.

The evidence, in our opinion, establishes the fact
that Mr. Greene did not die of any chronic disease.

The clause of the certificate, which is in question, being applicable only to chronic diseases, and the evidence showing that decedent did not pass away as a result of such disorder, the court erred in holding that the "Chronic Diseases" clause had the effect of reducing the amount of the benefit to which appellants are entitled.

The judgment is reversed, and the cause remanded, with directions to render judgment for the face value of the certificate, together with interest in accordance with its terms.

*Reversed and remanded with directions.*