**J. H. Swann, Plaintiff in Error, v. National Union Benefit Association, Defendant in Error.**

Heard in this court at the October term, 1933. Opinion filed December 26, 1933.

BASIL BAKER and KASSERMAN & KASSERMAN, for plaintiff in error.

ALBERT E. ISLEY, for defendant in error.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff in error, hereinafter referred to as the plaintiff, was named as a beneficiary in a mutual bene-

1

fit certificate of the face value of $361 issued by defendant in error, hereinafter referred to as defendant, to Ona Swann, a sister of plaintiff. The certificate was dated November 23, 1929, and contained a clause referred to as the ''Chronic Disease'' clause. This clause provided if the insured should die from any of the causes therein specified, within 30 days after issuance of the certificate, the beneficiary would receive one-fiftieth of its face value, and that if the insured lived for 90 days after its issuance and then died from any of said causes, the beneficiary would receive two-fiftieths of the face value and for each additional 60-day period the insured lived after the expiration of the 90-day period, the benefit upon death from any of said causes would be increased one-fiftieth until the full face value of the certificate was reached.

Ona Swann died within 30 days after the certificate was issued; proofs of death were filed and defendant disclaimed liability and this suit was instituted to recover the face value of the certificate.

The declaration contained the common counts and one special count. The special count alleged that Ona Swann was alive and in good health at the time of the execution and deliverance of the certificate and set out the certificate *in haec verba* which aside from the Chronic Disease clause above referred to and other clauses contained the following: ''Effective Date:— The association assumes no liability hereunder until the certificate is issued and actually delivered to the member during his or her life and good health.'' General issue plea was filed with notice of special defense which was to the effect that Ona Swann was not in good health at the time of the issuance of the certificate but was afflicted with myocarditis of which she died.

The cause was tried before the court without a jury and judgment was entered in favor of plaintiff for $7.22.

Under this state of the pleadings, the legal effect of the judgment was that the court found that Ona Swann was in good health on the date of the issuance of the certificate; but her death was caused by one of the diseases within the limitation in the "Chronic Disease" clause. Defendant has not assigned cross errors and the court's finding that the insured was in good health on the date of issuance of the certificate is not before this court.

Plaintiff's assignment presents two questions: first, does the "Chronic Disease" section refer to all diseases named therein whether they be acute or chronic, or does it apply only to those diseases which in their nature are chronic. and, second, does the evidence show that Ona Swann died of one of the ailments specified in said clause.

A provision in a benefit certificate identical with the "Chronic Disease" clause involved here was before this court in *Greene v. United American Benefit Ass'n,* 269 Ill. App. 71, and is set out in full in that opinion. The same question of interpretation and application of the clause as now presented was then before the court and it was there held that the clause was intended to cover only the diseases therein specified which are in their nature chronic. The holding in that case on that point is controlling here.

Ona Swann, age 54, lived on a small farm in Texas and kept thereon chickens and a cow. She did the work necessary for the care of the cow and poultry, cultivated a small garden lot and did her own housework. Five witnesses, including the beneficiary, who had seen her frequently, testified that she had been in apparent good health for a long time prior to the date of her death; that she had attended to her usual duties around her home, went to church regularly and with the exception of a slight cold, had not suffered any physical ailments.

Dr. F. R. Tucker, family physician of the deceased, testified by deposition on behálf of the plaintiff. He stated that he met her a few days prior to her death, that she told him that she had had a severe cold or mild influenza but that she was feeling better. He did not treat her professionally at that time. In answer to a question as to the cause of her death, he says, "The presumption on my part was that she died of acute, mild myocarditis, which perhaps was a sequence of her cold or influenza"; that the only conversation he ever had with her relative to her health was the one in reference to the cold. He testified that acute, fatal myocarditis often follows an infectious disease and might be of short duration; that there are many acute conditions that produce death without being preceded by any chronic ailment. The defendant offered in evidence the affidavit of Dr. Tucker, which was furnished in connection with the proof of death and in which he stated that he did not attend deceased in her last illness and, in answer to the question concerning the cause of death, "Did any chronic disease or ailment of any kind exist?" he answered, "Not that I know of."

The provisions of the "Chronic Disease" clause are for the benefit of the insurer and the burden of proof rested upon it to establish by a preponderance of the evidence that the insured died from a chronic disease, specified in said clause. *Butler v. National Live Stock Ins. Co.*, 200 Ill. App. 280; *Clay Fire & Marine Ins. Co. v. Wusterhausen*, 75 Ill. 285. This is in accord with the general rule stated in *Knickerbocker Ins. Co. v. Tolman*, 80 Ill. 106, 108: "The general rule is, that, where a right is conferred by a clause, absolute and unconditional in its terms, but the right is limited in a subsequent clause by a condition or exception, the pleader is not required to negative the condition or exception, but it is for the defense to plead it. But when the condition or exception is contained in or re-

ferred to by the clause giving the right, then the plaintiff must set out and negative the condition or exception.''

According to the above rules, the burden was upon the defendant to prove that the insured died of one of the ailments specified in said clause and that the ailment was in its nature chronic. This he has not done and the court erred in limiting plaintiff's recovery to one-fiftieth of the face value of the certificate. The judgment should have been for $361.

The judgment is reversed and the cause remanded with directions to render judgment for the plaintiff and against the defendant for the face value of the certificate, together with interest thereon in accordance with law.

*Reversed and remanded with directions.*